J.C. Nall brought an action on a promissory note against H. Aubrey Taylor as maker and Marc E. Bradley "as guarantor" or accommodation party. Summary judgment was granted for plaintiff Nall against Taylor. After a trial, without a jury, judgment was entered against Bradley for $129,736.51, being principal and interest, less certain payments, and attorney fees. Taylor has not appealed.
The dispositive issue in this case is whether the trial court erred in admitting secondary evidence of an allegedly lost or destroyed legal document.
The facts leading to this lawsuit are that in 1981 Nall purchased for $120,000 an interest in oil and gas leases on lands in Mobile County. Bradley, a practicing attorney, represented Taylor in preparing the legal documents for the sale to Nall.
Nall became of the opinion that Taylor had made misrepresentations to him regarding the sale and in 1983 brought an action for fraud against Taylor. Bradley was not involved in that suit.
Subsequently, Nall and Taylor entered into some kind of settlement agreement which provided that Taylor would in effect buy back the oil and gas leases and Nall would forbear pursuing the fraud suit. Additional negotiations followed, with the result that Taylor gave a promissory note to Nall secured by a written guaranty which was to be signed by Bradley. During these negotiations, Nall was represented by Attorney Robert A. Wills and Taylor was represented by Attorney Bradley, who was to be a guarantor of the note or an accommodation party. Questions regarding what occurred during these negotiations and the kind of guaranty agreement which Bradley signed form the basis of this law suit.
The first draft of the guaranty agreement prepared by Wills was referred to at trial as an "unrestricted guaranty" because it would have permitted Nall to demand payment of the note from Bradley without having attempted collection from Taylor. When Bradley received the first draft of the agreement, he changed it to provide that Nall could seek recovery from Bradley only if Nall had exhausted his remedies against Taylor. This document, which was referred to at trial as the "restricted guaranty," was signed by Bradley and returned to Wills. This restricted guaranty was unsatisfactory to Nall; he mailed it back to Bradley with a cover letter dated April 4, 1983.
Negotiations continued for some time and led to a meeting in Wills's office on May 3, 1984. The parties present at this meeting were Wills, Nall, and Bradley. Wills and Nall testified that at this meeting Bradley delivered to them the unrestricted guaranty agreement signed by Bradley. Bradley testified that he never signed the unrestricted guaranty document, but, instead, delivered to them the restricted guaranty, which he had previously signed.
The unrestricted guaranty was not produced at trial. The trial judge allowed the introduction into evidence of an unsigned *Page 1064 
copy of the unrestricted guaranty as a substitute for a lost or destroyed original.
The Statute of Frauds pronounces "void," any agreement "to answer for the debt, default or miscarriage of another", unless it is in writing and signed by the party sought to be charged. § 8-9-2(3) Code 1975.
In order to admit evidence of a lost document, the proponent must establish: (1) the existence and execution of the document; (2) the substance of its contents; and (3) the loss or destruction of the document or other satisfactory reason for failure to produce the original. Wiggins v. Stapleton BaptistChurch, 282 Ala. 255, 210 So.2d 814 (1968).
 "The degree of proof required to establish a lost instrument depends upon the circumstances. The importance of the instrument affects the quantum of evidence required to prove the former existence and contents of a lost instrument. The greater its value the more conclusive should be the evidence. Where the lost instrument constitutes a muniment of title to real estate, a higher degree of proof is required with respect to the former existence and contents of the instrument than with respect to other instruments.
 "Where the lost instrument is to be proved on a collateral issue rather than the main question in dispute, the degree of proof is somewhat less than would be the case where the lost instrument is the evidence of the principal matter in dispute.
 "In determining the sufficiency of the evidence as to the loss of an instrument, a material inquiry is whether there was a motive for withholding such highest and best evidence as the instrument itself. Whenever the court is able to answer this inquiry in the negative, less evidence will satisfy its conscience than if suspicious circumstances attend the failure to produce the instrument. Conversely, the rule as to the degree of proof required is somewhat relaxed where the instrument has been lost, withheld, or destroyed by the person to be charged."
52 Am.Jur.2d Lost Destroyed Instruments § 60 (1970).
In establishing the existence of an executed document, we think the evidence must be clear and convincing. Wiggins,supra. This is especially true where the party seeking to hold others liable on the instrument is responsible for its loss.
In reviewing the record, and especially the correspondence between the two attorneys, we find that a number of inferences can be drawn, but none is conclusive on the issue of execution vel non. There is no evidence that anyone saw Bradley sign the document. Nall testified that he read the signed document and that it was in fact the unrestricted version of the guaranty. Attorney Wills was somewhat less than positive:
"Q. Do you recall seeing that document May 3rd?
 "A. I do. My recollection is that Mr. Bradley came in and gave it to me and Mr. Nall and I looked at it before he came into my office.
 "I can't swear that is 100 percent right, but that is the way I remember it. And I remember commenting to Mr. Nall that I was surprised it was brought."
As previously stated, Bradley denies the execution. The Statute of Frauds was enacted to prevent this very kind of swearing match. We conclude that the evidence was insufficient to establish by the clear and convincing standard the existence of an unrestricted guaranty signed by Bradley. It was, therefore, error to introduce secondary evidence, and the judgment is reversed.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur. *Page 1065