Marc E. Bradley petitions this Court for a writ of mandamus directing the trial court to dismiss J.C. Nall's complaint against him. After this Court reversed a judgment against Bradley in this action, Bradley v. Nall, 505 So.2d 1062 (Ala. 1987), the trial court allowed Nall to amend his complaint. Bradley contends that the prior appeal disposed of the entire case, that the trial court erred in denying his motion to strike the amended complaint and in denying his subsequent motion for summary judgment, and that mandamus is the proper remedy to compel the trial court to comply with this Court's earlier judgment.
If a trial court fails to comply with an appellate court's mandate on remand of a cause, mandamus will lie to compel compliance. Ex parte Alabama Power Co., 431 So.2d 151 (Ala. 1983). When this Court reversed the judgment in this case, however, our opinion did not give any instructions in remanding the cause. A further description of the background of this case will be necessary to determine its posture on remand.
In a transaction between Nall and H. Aubrey Taylor, Bradley represented Taylor as his attorney. A dispute arose from that transaction, and, to settle that dispute, Nall and Taylor entered into an agreement that involved Taylor's executing a promissory note to Nall and Bradley's executing a guaranty of Taylor's payment under the note. Two versions of the guaranty agreement were proposed: Nall's attorney drafted a version that did not require Nall to exhaust his recourses against Taylor in the event Taylor defaulted on the note ("the unrestricted guaranty"), but Bradley drafted a version that did require Nall to exhaust his recourses against Taylor before proceeding against Bradley ("the restricted guaranty"). Without completing the exchange of documents, the parties began operating under the agreement, with Taylor making monthly payments on the note.
Approximately a year later, Bradley brought the signed documents to the office of Nall's attorney. Taylor defaulted on the note, and Nall brought this action against Taylor and Bradley. The trial court granted summary judgment against Taylor, and the case proceeded to trial on Nall's claims against Bradley on the guaranty agreement and for fraud. At trial, Nall offered evidence that Bradley had delivered to him and his attorney a signed copy of the unrestricted guaranty, that he had lost that document, and that its contents were the same as those of the unsigned copy of the unrestricted guaranty introduced into evidence. Bradley denied having signed the unrestricted guaranty, but stated that he had delivered the restricted guaranty to Nall and his attorney.[1] After accepting this and other evidence, the court entered judgment against Bradley for the amount due on the note plus interest.
This Court reversed the judgment, holding that Nall had not offered sufficient proof that Bradley had signed the unrestricted guaranty to justify introduction of secondary evidence of the contents of that allegedly lost document. Upon remand, the trial court entered a pretrial order stating that, in the court's opinion, this Court's prior disposition did not preclude a retrial of the case and granting Nall leave to amend his complaint to reallege his fraud claim with more particularity. Nall filed an amended complaint adding five counts. Bradley filed a motion to strike, which the trial court granted as to some counts but denied as to others. Bradley filed this petition for writ of mandamus. *Page 713 
One of the counts of Nall's amended complaint seeks recovery under the restricted guaranty. Bradley has never denied executing the restricted guaranty, and Nall now alleges that he has exhausted his recourses in attempting to collect on his judgment against Taylor. This Court's reversal of the judgment against Bradley was based on the trial court's erroneous allowance of secondary proof of the unrestricted guaranty in spite of Bradley's denial that he had executed it and the sparsity of proof to the contrary. If the court had ruled otherwise on the evidence in the first trial, Nall could have proceeded with proof of the restricted guaranty. Thus, a trial on the restricted guaranty is appropriate.
There can be no retrial on the fraud allegations, however. The alleged fraud is that Bradley represented that he had signed the unrestricted guaranty. Evidence of that alleged representation was offered at the trial, however, in support of both the attempt to prove the execution of the allegedly lost document and the fraud claim. Our prior opinion explicitly held that the evidence was insufficient to support the admission of secondary proof of the lost document. We now explicitly hold also that the evidence, which was ambiguous at best, was also insufficient to support a fraud claim.
During the negotiations, Bradley wrote a letter stating that he had the signed note, guaranty agreement, and settlement agreement in his possession. Nall asserts that, under the circumstances, Bradley could have been referring only to the unrestricted guaranty, or that, if he was referring to the restricted guaranty, he fraudulently implied that he was referring to the unrestricted one. The evidence showed, however, that Bradley had proposed the restricted guaranty and had never agreed to sign the unrestricted guaranty. The non-specific reference in the letter is not a sufficient basis to support a claim that Bradley fraudulently misrepresented that he had signed the unrestricted guaranty.
Moreover, by not securing possession of whatever document Bradley had signed before proceeding under the settlement agreement, Nall failed to preserve the right to claim that he reasonably relied on his interpretation of the reference in Bradley's letter. He and his attorney were well aware of the requirement that the guaranty agreement be in writing and signed by Bradley, as is evident from the detailed negotiations over the terms of that agreement. As this Court noted in its earlier opinion in this case, "The Statute of Frauds was enacted to prevent this very kind of swearing match."505 So.2d at 1064. To allow a recovery in fraud in this case would circumvent the Statute of Frauds just as much as allowing secondary proof of the allegedly executed unrestricted guaranty.
Although Nall cannot retry the case in fraud, he is entitled to a trial on the contract claim based on the restricted guaranty. Therefore, the court did not err in denying the motion to strike the amended complaint, and the petition for writ of mandamus is denied.
WRIT DENIED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.
[1] The reasons for Nall's reliance on the allegedly lost unrestricted guaranty are unclear, but we note that the judgment against Taylor was not yet final, so Nall would not have exhausted his recourses against Taylor at the time of trial. Furthermore, during the preliminary negotiations, Nall rejected Bradley's offer of a restricted guaranty. However, given Bradley's testimony that he later delivered the restricted guaranty to Nall and his attorney, and given that Nall's attorney did have the signed restricted guaranty in his file (although he attributed that copy to the earlier negotiations), we see no reason why Nall cannot sue on the restricted guaranty.