This is an uninsured motorist case with a very interesting set of facts. James H. Lehman, Jr., was employed as a salesman at Regal Nissan automobile dealership in 1986. He agreed one day to accompany Mark McCauley, who purported to be a potential customer, to McCauley's home in order to pick up his automobile. It was Lehman's understanding that McCauley was planning to use it as a trade-in for a Nissan. The two left the dealership in a Nissan 300-ZX that was owned by the dealership. McCauley drove. When they turned onto the street where McCauley had said he lived, however, McCauley slowed the car down, cut Lehman's throat with a switchblade, and said "I'm going to kill you. You're going to die." Lehman sustained a stab wound to his chest and cuts on his hands during his attempt to fend off the attack. After managing to kick the gear shift lever and thereby put the transmission into reverse gear, Lehman succeeded in getting out of the car. McCauley drove away. McCauley was later arrested and is presently serving a prison sentence based on his actions that day. As a result of the incident, Lehman had certain medical expenses, which were covered by workman's compensation. He and his wife sued U.S.F. G., seeking benefits under their uninsured motorist coverage. The trial judge awarded Lehman $100,000 and his wife $20,000. We reverse and remand.
The Lehman policy with United States Fidelity Guaranty defines "uninsured motor vehicle" and gives the circumstances under which the insurance company will make payment:
 "3. 'UNINSURED MOTOR VEHICLE' means a land motor vehicle or trailer:
". . . .
 "c. For which an insuring or bonding company denies coverage or is or becomes insolvent,
"B. WE WILL PAY
 "1. WE will pay all sums the INSURED is legally entitled to recover as damages from the owner or driver of an UNINSURED MOTOR VEHICLE. The damages must result from BODILY INJURY caused by an ACCIDENT. The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the UNINSURED MOTOR VEHICLE." *Page 586 
We do not have to address the question of whether, within the meaning of the policy, the vehicle involved in the incident was "uninsured" under the facts of this case, because, even if we assume for the purpose of argument that the vehicle was uninsured, we nevertheless would have to reverse because of other language quoted above.
The trial judge cited Alabama Farm Bureau Mutual CasualtyInsurance Co. v. Mitchell, 373 So.2d 1129 (Ala.Civ.App. 1979), as authority for the judgment awarded to the Lehmans. In that case, Mrs. Mitchell was knocked unconscious by Donald Ray Brown, who then placed her in the trunk of her car. Brown then drove the car for a couple of days and abandoned the car when it ran out of fuel. From the evidence offered, it appeared that Mrs. Mitchell was alive when she was placed in the trunk andthat she died while there.
At first glance, the Mitchell case appears to be on all fours with the case before us. However, we are faced with a question not answered in the Mitchell opinion. We must determine whether Lehman's injuries arose out of the "ownership, maintenance, or use" of the uninsured vehicle.
 "A frequent question confronting the courts in determining whether a particular injury or accident is within the coverage provided by the 'ownership, maintenance, or use' clause of an automobile liability insurance policy is the one of causal connection or relationship of the accident or injury to the ownership, maintenance, or use of a vehicle. The cases agree that a causal relation or connection must exist between an accident or injury and the ownership, maintenance, or use of a vehicle in order for the accident or injury to come within the meaning of the clause 'arising out of the ownership, maintenance, or use' of a vehicle, and where such causal connection or relation is absent, coverage will be denied. The difficulty therefore relates mainly to the determination whether or not there was under the facts of the particular case the required causal relationship."
Annot., Automobile Liability Insurance: What are accidents orinjuries "arising out of ownership, maintenance, or use" ofinsured vehicle, 15 A.L.R. 4th 10, 17 (1982).
In Mitchell, the victim died after being placed in the trunk of the automobile, and because of the length of time she was left there, it could be inferred that her death was due to suffocation there as opposed to her previous wounds. Therefore, the car itself was an instrument used in her murder and, thus, her death could be said to arise out of the "ownership, maintenance, or use" of the vehicle (assuming, of course, that the Mitchell automobile was "uninsured" within the meaning of the policy, a question obviously not before us now). The injuries involved here occurred in a moving vehicle, but the injuries themselves were caused by stab wounds and not by some "use" of the motor vehicle. In other words, although Lehman happened to be attacked while in a vehicle, the vehicle itself was merely the location of an attack that could have occurred anywhere. The injuries did not result from "use" of the automobile as that term is used in the policy.
The judgment is hereby reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, HOUSTON, STEAGALL and KENNEDY, JJ., concur.