United States Fidelity Guaranty Company ("USFG") has petitioned this Court for a writ of mandamus directed to a circuit judge of the Madison County Circuit Court. USFG seeks relief from an order granting James and Cynthia Lehman leave to take the deposition of Mark McCauley and from the denial of its motion for a summary judgment. It also seeks to have this cause removed from the Madison Circuit Court's trial docket.
This is the second time this cause has been before this Court. In our first opinion, United States Fidelity GuarantyCo. v. Lehman, 579 So.2d 585 (Ala. 1990) ("Lehman I"), this Court reversed a judgment that had been rendered in favor of James H. Lehman and his wife and against USFG. The unusual facts giving rise to that appeal are fully set out in our first opinion and will not be restated at length here. Briefly stated, the Lehmans' action against USFG arose from an incident that occurred during James Lehman's employment with a Nissan dealership in Huntsville. Lehman was riding in a Nissan automobile that was being driven by McCauley, who was ostensibly a customer of the dealership's. McCauley suddenly stopped the automobile and attacked Lehman with a knife. Although badly injured, Lehman was able to escape from the automobile. McCauley was subsequently convicted for his attack on Lehman and was sentenced to 50 years' imprisonment. LehmanI, 579 So.2d at 585.
The Lehmans filed an action against McCauley and against USFG, the Nissan dealership's insurance carrier. They sought to recover damages from USFG under the uninsured motorist provision of the dealership's policy with USFG.[1] McCauley did not answer the Lehmans' complaint or defend against their claims. Following a nonjury trial, the court entered a judgment in favor of the Lehmans and against USFG for $120,000. Id. On appeal, this Court reversed that judgment, holding that Lehman's injuries did not "result from 'use' of the [Nissan] automobile as that term is used in the [USFG] policy," *Page 924 
and were therefore not covered under the policy. Lehman I,579 So.2d at 586.
On remand, the trial court set the cause on its trial docket. USFG filed a motion for summary judgment, arguing that this Court's decision in Lehman I resolved the issues involved. USFG's motion was denied. The Lehmans then filed a motion asking leave to take the deposition of McCauley, who is currently an inmate at Draper Prison. In an affidavit filed in support of that motion, the Lehmans' lawyer stated that McCauley's deposition was necessary to further explore the issue of whether McCauley's assault on Lehman constituted a "use" of the automobile. The trial court granted the Lehmans' motion. This petition for a writ of mandamus follows.
USFG argues that the trial court erred by failing to follow this Court's mandate in Lehman I. It contends that, pursuant to the rationale expressed in that opinion, the trial court should have entered a judgment in its favor on remand.
On remand, trial courts are required to follow the mandates of this Court or of any other appellate court. Kinney v. White,215 Ala. 247, 110 So. 394 (1926). The question of whether a trial court after remand has correctly interpreted and applied an appellate court's decision is properly reviewable by a petition for a writ of mandamus. Ex parte Bradley,540 So.2d 711, 712 (Ala. 1989). If a trial court fails to comply with an appellate court's mandate, mandamus will lie to compel compliance. Id; Ex parte Alabama Power Co., 431 So.2d 151 (Ala. 1983).
USFG and the Lehmans have both presented extensive argument regarding whether this Court's decision in Lehman I was based on a finding that the evidence was insufficient to support the trial court's judgment or on a finding that the judgment was against the weight and preponderance of the evidence. SeeGarmon v. King Coal Co., 409 So.2d 776 (Ala. 1981); Ex parteAlabama Power Co., supra.
Our reversal of the trial court's judgment in Lehman I, however, was not based on a determination regarding either the sufficiency of the evidence or the weight and preponderance of the evidence. Instead, this Court held, as a matter of law, that because Lehman's injuries were the result of an independent criminal act by McCauley, they did not result from a "use" of the insured automobile. Lehman I, 579 So.2d at 586. Therefore, they were not covered under the dealership's policy of insurance with USFG and the Lehmans were not entitled to recover uninsured motorist benefits. Id. Our interpretation of the effect of the insurance policy terms in Lehman I
represented a final disposition of the dispute between USFG and the Lehmans. Therefore, the trial court's failure to enter a judgment in USFG's favor on remand was error.
For the reasons stated above, the writ of mandamus is due to issue.
WRIT GRANTED.
All of the Justices concur.
[1] It appears that Lehman's medical expenses were paid by his employer's worker's compensation carrier.