A third-party defendant, John H. Ufford, has petitioned this Court for a writ of mandamus directing Judge Jack D. Carl, of the Jefferson Circuit Court, to grant his motion to dismiss the third-party complaint of defendant/third-party plaintiff American Indemnity Company.
This is the second time this cause has been before this Court, and the holding of our first opinion, Ufford v. AmericanIndemnity Co., 631 So.2d 959 (Ala. 1994) ("Ufford I"), is now at issue. In Ufford I, we reversed a summary judgment that had been entered in favor of American Indemnity and against Ufford. The facts giving rise to that appeal are fully set out in that opinion; however, some repetition is necessary to an understanding of this petition.
 I.
Ufford, an attorney, represented Joey Johnson following Johnson's injury in an accident in which his motor vehicle collided with a vehicle driven by Sharon Thompson. Johnson received treatment at Carraway Methodist Medical Center, which sent his bill directly to Thompson's insurer, American Indemnity. Ufford negotiated a settlement and release agreement between Johnson and American Indemnity, which issued a check *Page 974 
payable to both Ufford and Johnson. Ufford deposited the check in his trust account and, at Johnson's request, paid him his portion of the settlement. Thereafter, Carraway sued American Indemnity, claiming that by accepting a release from Johnson it had impaired Carraway's hospital lien against Johnson, which had not been satisfied. American Indemnity then filed a third-party complaint against Ufford, alleging that any liability on its part to Carraway was based on misrepresentations made to it by Ufford to the effect that no liens existed against Johnson.
The trial court entered a summary judgment in favor of Carraway against American Indemnity and in favor of American Indemnity against Ufford. Ufford appealed the judgment against him; we reversed and remanded. American Indemnity did not apply for a rehearing. In our opinion reversing the judgment against Ufford and in favor of American Indemnity on its claim of fraudulent misrepresentation, we held:
 "Ufford owed no duty to American Indemnity. Indeed, as Ufford points out, he was the legal representative of a party adverse to American Indemnity. Further, Ufford's testimony that he had no knowledge of the existence of the hospital lien against Joey Johnson directly contradicts American Indemnity's contentions (not supported by any evidence) that Ufford falsely represented the state of Joey Johnson's affairs."
Ufford I, 631 So.2d at 961. We further stated:
 "We have carefully reviewed all the evidence of record (including those portions of Ufford's deposition that were not before the trial court when it ruled on the motions for summary judgment), but we have not found even a trace of evidence supporting a single element of the misrepresentation claim. In other words, not only did the movant fail to eliminate all issues of material fact, but the movant totally failed to make out a prima facie case as to the requisite elements of its third-party claim against Ufford alleging misrepresentation."
Id. at 962. (Emphasis added.) Based on our ruling in Ufford I, Ufford filed a motion to dismiss American Indemnity's complaint against him. The trial court denied it, and this petition for the writ of mandamus followed.
 II.
Under Alabama law, "[m]andamus is a drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte UnitedService Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). However, it is well settled that a petition for a writ of mandamus is a proper means to determine whether a trial court has complied with an appellate court's decision and to compel compliance, if it has not. Ex parte United States Fidelity Guar. Co.,585 So.2d 922 (Ala. 1991); Ex parte Bradley, 540 So.2d 711
(Ala. 1989); Ex parte Alabama Power Co., 431 So.2d 151
(Ala. 1983).
 III.
Ufford argues that the trial court erred in denying his motion to dismiss American Indemnity's complaint because, he contends, this Court held in Ufford I, as a matter of law, that under the facts of the case he owed no duty to American Indemnity — the first element of a claim of fraudulent misrepresentation.[1] Ufford contends that this Court should issue a writ of mandamus to Judge Carl to enforce our ruling inUfford I. See Ex parte United States Fidelity Guar. Co.; Exparte Alabama Power Co.
In response, American Indemnity argues that this Court ruled in Ufford I only that *Page 975 
the trial court's summary judgment in favor of American Indemnity was not appropriate — not that its complaint should be dismissed. American Indemnity contends that our reversal of the trial court's summary judgment was not a final disposition of the fraudulent misrepresentation claim, but only a determination that the evidence it had presented to the trial court at that time was insufficient to make out a prima facie case. Thus, American Indemnity argues that our ruling allowed it an opportunity to obtain additional evidence that would defeat Ufford's motion to dismiss and make a jury trial appropriate.
 IV.
We first note that Ufford's motion to dismiss American Indemnity's complaint is more properly a motion for a summary judgment in his favor, because it is based on our ruling inUfford I and encompasses matters outside the pleadings. See Committee Comments to Rule 12, A.R.Civ.P. Thus, this Court must determine if it should issue a writ of mandamus ordering the trial court to enter a judgment in favor of Ufford.
We take guidance from our ruling in Ex parte United StatesFidelity Guar. Co. In that case we were faced with a similar question. We stated:
 "Our reversal of the trial court's judgment in Lehman I [United States Fidelity Guar. Co. v. Lehman, 579 So.2d 585 (Ala. 1990)], however, was not based on a determination regarding either the sufficiency of the evidence or the weight and preponderance of the evidence. Instead, this Court held, as a matter of law, that because Lehman's injuries were the result of an independent criminal act by McCauley, they did not result from a 'use' of the insured automobile. . . . Our interpretation of the effect of the insurance policy terms in Lehman I represented a final disposition of the dispute between USF G and the Lehmans. Therefore, the trial court's failure to enter a judgment in USF G's favor on remand was error.
 "For the reasons stated above, the writ of mandamus is due to issue."
585 So.2d at 924. Thus, our ruling in Ex parte United StatesFidelity Guar. Co., was based on the fact that we had previously determined that, as a matter of law, recovery could not be had under the terms of the insurance policy.
Similarly, in Ufford I we held that, under the evidencecontained in the record, Ufford owed no duty to American Indemnity. Under those facts, that determination represented a final disposition of the matter. Further, although American Indemnity argues that our ruling in Ufford I allowed it the opportunity to obtain additional evidence to support its misrepresentation claim, no new evidence or legal theories have been presented. Thus, our ruling in Ufford I is controlling.
Although Ufford's motion to dismiss is more properly a motion for summary judgment, it should have been granted by the trial court based on our holding in Ufford I. Therefore, the trial court's failure to enter a judgment in Ufford's favor was error.
For the reasons stated above, the writ of mandamus is due to be issued in accordance with the terms of this opinion.
WRIT GRANTED.
ALMON, SHORES, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] In Ufford I we listed the elements of a claim of fraud based on a misrepresentation: " '(1) a duty to speak the truth; (2) a false misrepresentation of a material existing fact made intentionally, recklessly, or innocently; (3) action upon the false representation by the plaintiff; and (4) damages proximately resulting from the false representation.' " (Quoting Salter v. Alfa Ins. Co., 561 So.2d 1050, 1053
(Ala. 1990)). See Alfa Mut. Ins. Co. v. Northington,561 So.2d 1041 (Ala. 1990).