Stephen Lamar Rich sued his insurance carrier, Colonial Insurance Company of California (the "insurer"), seeking uninsured motorist benefits. The facts of the case are largely undisputed and arise from an attempted car-jacking. Rich had stopped in his automobile at a traffic signal in Atlanta, Georgia, when he was approached by two men. One of the men shot Rich when Rich refused to hand over his keys and his money. Rich escaped his assailants; however, the bullet severed his colon, and he was hospitalized for 11 days.
The trial court determined that Rich was not entitled to uninsured motorist benefits and entered a judgment for the insurer. Rich appealed to the Alabama Supreme Court, which transferred the case to this court, pursuant to Ala. Code 1975, § 12-2-7(6). Because this case was tried on stipulated facts, no presumption of correctness attaches to the trial court's judgment. Ike v. Board of School Commissioners, 601 So.2d 1014
(Ala.Civ.App. 1992). Instead, this court reviews the application of the law to the stipulated facts. Reeder v.Reagan, 590 So.2d 296 (Ala.Civ.App. 1991). After reviewing the applicable law, we agree with the trial court that Rich is not entitled to uninsured motorist benefits.
Rich first argues that the trial court improperly applied choice-of-law rules. Rich contends that California law should apply to this case. However, as the insurer points out, Rich raises the choice-of-law issue for the first time on appeal. We cannot consider an issue raised for the first time on appeal. Rule 4(a)(3), Ala. R.App. P.; Andrews v. Merritt Oil Co.,612 So.2d 409 (Ala. 1992).
Rich points out that exclusions to insurance coverage are to be construed narrowly, State Farm Mut. Ins. Co. v. Lewis,514 So.2d 863 (Ala. 1987), and that ambiguities in an insurance contract are to be construed against the insurer and in favor of the insured, Alabama Farm Bureau Mut. Cas. Ins. Co. v.Presley, 384 So.2d 122 (Ala.Civ.App. 1980). However, he fails to indicate how those propositions apply to his insurance contract.
Rich's insurance policy reads:
 "We will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle.
 "The bodily injury must be caused by accident and arise out of the ownership, maintenance or use of an uninsured motor vehicle."
The uninsured motorist provisions of the insurance contract cover "bodily injury" that is "caused by [an] accident" that "arise[s] out of the ownership, maintenance or use of an uninsured motor vehicle." These provisions are clear and unambiguous. Therefore, the contract must be enforced as written. State Farm Mut. Ins. Co. v. Lewis, 514 So.2d 863 (Ala. 1987).
Our supreme court has addressed the issue of an insured's claim for uninsured motorist benefits for bodily injury stemming from a criminal assault by a third party. See UnitedStates Fidelity Guaranty Co. v. Lehman, 579 So.2d 585 (Ala. 1990), and Allstate Ins. Co. v. Skelton, 675 So.2d 377 (Ala. 1996). In Lehman, which involved an attack by a purported customer on an automobile salesman who was driving the customer to the customer's home to pick up a trade-in vehicle, the supreme court addressed the appropriate analysis for cases involving questions about whether an injury falls within uninsured motorist coverage. Lehman, 579 So.2d at 586.
 " 'A frequent question confronting the courts in determining whether a particular injury or accident is within the coverage provided by the "ownership, maintenance, or use" clause of an automobile liability *Page 489 
insurance policy is the one of causal connection or relationship of the accident or injury to the ownership, maintenance, or use of a vehicle. The cases agree that a causal relation or connection must exist between an accident or injury and the ownership, maintenance, or use of a vehicle in order for the accident or injury to come within the meaning of the clause "arising out of the ownership, maintenance, or use" of a vehicle, and where such causal connection or relation is absent, coverage will be denied. The difficulty therefore relates mainly to the determination whether or not there was under the facts of the particular case the required causal relationship.' "
Id. (quoting Annot., Automobile Liability Insurance: What areaccidents or injuries "arising out of ownership, maintenance,or use" of insured vehicle, 15 A.L.R.4th 10, 17 (1982)).
Using that analysis, the supreme court determined that, although the injuries to the automobile salesman occurred in a moving vehicle, the injuries were not caused by any "use" of the vehicle. 579 So.2d at 586. Lehman was driving the purported customer to the customer's home in a vehicle owned by the dealership. Id. at 585. That vehicle was uninsured. Id. The supreme court stated that, "although Lehman happened to be attacked while in a vehicle, the vehicle itself was merely the location of an attack that could have occurred anywhere." Id.
at 586.
In Lehman, the supreme court distinguished Alabama FarmBureau Mut. Cas. Ins. Co. v. Mitchell, 373 So.2d 1129
(Ala.Civ.App. 1979), a case Rich relies upon in support of his claim that he is entitled to uninsured motorist benefits as a result of the attempted car-jacking. The facts in Mitchell, as recounted by the supreme court in Lehman, differ from those inLehman; Mrs. Mitchell was knocked unconscious by an assailant and placed in the trunk of her vehicle. Lehman, 579 So.2d at 586. The assailant drove the vehicle for a few days, abandoning it when it ran out of fuel. Id. When the vehicle was recovered, Mrs. Mitchell was found dead in the trunk. Id. As our supreme court stated, the difference between Mitchell andLehman was that the vehicle "itself was an instrument used in [Mrs. Mitchell's] murder and, thus, her death could be said to arise out of the 'ownership, maintenance, or use' of the vehicle." Id.
Based on the analysis used by our supreme court inLehman, we conclude that the trial court correctly entered the judgment for the insurer in this case. Rich was attacked while sitting in his vehicle at a traffic signal; that vehicle was aninsured vehicle. His assailants approached the vehicle on foot and injured him by shooting him with a pistol. Like the injuries to the plaintiff in Lehman, Rich's injuries did not result from the use of a vehicle. The vehicle was, by chance, the location of the attack. In addition, even if we were to distinguish Lehman, Rich's argument has another flaw. He has failed to show that an uninsured vehicle was involved in his attack in any way. Therefore, Rich has failed to show that he was injured in an accident that arose from the "ownership, maintenance or use of an uninsured motor vehicle."
Rich also argues that the trial court's judgment is contrary to the legislative purpose of Alabama's uninsured motorist statute, Ala. Code 1975, § 32-7-23, and contrary to the public policy of the State of Alabama. We disagree. The purpose of uninsured motorist coverage is to provide insurance coverage for those persons injured by the wrongful act of an uninsured motorist. State Farm Automobile Ins. Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974). Rich was not injured by an uninsured motorist. He was injured by two assailants who approached his vehicle on foot. Therefore, the uninsured motorist statute has no application to Rich's situation, and the judgment of the trial court denying Rich uninsured motorist benefits is in no way contrary to that statute or to the public policy of this state.
The judgment of the trial court is affirmed.
AFFIRMED.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and MONROE, J., concur in the result. *Page 490