723 So.2d 69 (1998)
STATE of Alabama ex rel. T.L.K.
v.
T.K.
2961359.
Court of Civil Appeals of Alabama.
February 20, 1998.
Rehearing Denied March 27, 1998
Certiorari Quashed October 30, 1998.
J. Coleman Campbell, Lois Brasfield, and Cheryl Wilkinson-Simonetti, asst. attys. gen., Department of Human Resources, for appellant.
Michael E. Jones of Jones & Sport, Luverne, for appellee.
Alabama Supreme Court 1971274.
THOMPSON, Judge.
On November 25, 1995, the State of Alabama filed a complaint against T.K. in the District Court of Crenshaw County on behalf of T.L.K., a minor. The State's complaint, entitled "Complaint for Paternity and Child Support," asked that T.K. be adjudicated the father of T.L.K. and that he be ordered to pay child support and to maintain medical *70 insurance for the benefit of T.L.K. On January 12, 1996, the juvenile court conducted a hearing. At that hearing, T.K. requested a paternity test and the court ordered that the paternity test be performed. Also on January 12, 1996, T.K. filed a motion to dismiss and argued as grounds for that motion that the action was barred by the five-year statute of limitations under § 26-17-6(a), Ala. Code 1975. On February 16, 1996, the district court entered an order finding that T.K. was the father of T.L.K. and ordering him to pay child support. On February 29, 1996, T.K. appealed to the circuit court.
On March 28, 1996, T.K. filed a motion to dismiss in the circuit court, again arguing that the statute of limitations barred the paternity action. The parties submitted to the trial court a joint stipulation of facts so that the trial court could rule on T.K.'s motion to dismiss. Those stipulated facts are as follows:
"1. C.K.S. (the mother) and T.K. were married on February 23, 1979.
"2. The parties were divorced by a decree of the Circuit Court of Crenshaw County, Alabama, on July 21, 1979.
"3. T.L.K. was born on December 18, 1979.
"4. Pursuant to § 26-17-5(a)(1), Ala.Code 1975, the Defendant is presumed to be the natural father of the minor child due to the fact that he and the child's natural mother were married to each other and the child was born within 300 days after the marriage was terminated by divorce.
"5. If applicable, the provisions of § 26-17-6(a), Ala.Code 1975, apply to this case.
"6. The parties stipulate that the Court may use these stipulations for the purpose of ruling on the Motion to Dismiss filed by the Defendant."
On May 23, 1997, the circuit court entered an order holding that although T.L.K. was presumed to be the child of T.K. because she was born within 300 days of T.K.'s divorce from her mother, the action was barred by the five-year statute of limitations in § 26-17-6(a), Ala.Code 1975. On June 20, 1997, the State filed a Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate the judgment; the trial court denied that motion on August 5, 1997. The State appeals.
We note initially that because this case was submitted to the trial court on stipulated facts, no presumption of correctness attaches to the trial court's ruling. Tierce v. Gilliam, 652 So.2d 254 (Ala.1994). Where the facts of a case are undisputed, an appellate court reviews the application of the law to those facts and sits in judgment on the evidence. Rich v. Colonial Ins. Co., 709 So.2d 487 (Ala.Civ.App.1997); Hendrix v. Jelusich, 679 So.2d 1062 (Ala.Civ.App.1995).
T.L.K. was born on December 18, 1979, less than 300 days after the July 21, 1979, divorce of C.K.S. and T.K. Section 26-17-5 provides:
"(a) A man is presumed to be the natural father of a child if any of the following apply:
"(1) He and the child's natural mother are or have been married to each other and the child is born during the marriage, or within 300 days after the marriage is terminated by death, annulment, declaration of invalidity, or divorce, or after a decree of separation is entered by a court."
§ 26-17-5(a)(1), Ala.Code 1975. Therefore, T.K. is presumed, pursuant to § 26-17-5(a)(1), to be the father of T.L.K.
Section 26-17-6, Ala.Code 1975, sets forth the time during which certain parties may maintain an action to determine paternity. That section provides in part:
"(a) A child, a child's natural mother, or a man presumed to be the child's father under subdivision (1), (2), or (3) of Section 26-17-5(a), may bring an action within five years of the birth of the child for the purpose of declaring the existence of the father and child relationship presumed under subdivision (1), (2), or (3) of Section 26-17-5(a)...."
§ 26-17-6(a), Ala.Code 1975.
In its brief on appeal, the state does not address the applicability of § 26-17-6(a), Ala.Code 1975, to § 26-17-5(a)(1), Ala.Code 1975. Instead, the State argues *71 that the application of § 26-17-6(a), by barring a paternity action, makes the presumption of paternity conclusive and thus creates a duty of support in the presumed father. If this Court accepts the State's argument, then the State's action to determine paternity in this case would be unnecessary. A presumption of paternity is not equivalent to an adjudication of paternity; a presumption of paternity under § 26-17-5 may be rebutted. § 26-17-5(b), Ala.Code 1975. No duty of support arises from a mere presumption of paternity; "paternity must be established before a court determines whether child support is owed." Ex parte State of California, 669 So.2d 884, 885 (Ala. 1995).
We will briefly address the issue of the applicability of the five-year statute of limitations in § 26-17-6(a), Ala.Code 1975, to § 26-17-5(a)(1), Ala.Code 1975. The five-year statute of limitations in § 26-17-6(a) clearly applies to this action by the explicit language of that section. This court has held that the five-year statute of limitations applies where a child has a presumed father under § 26-17-5. State ex rel. E.K.D. v. M.R.W., 662 So.2d 910, 912 (Ala.Civ.App. 1994), cert. quashed, 662 So.2d 913 (Ala. 1995). See also Ex parte Presse, 554 So.2d 406 (Ala.1989). In Ex parte State of Alabama ex rel. State of Ohio, 718 So.2d 669 (Ala.1998), the Supreme Court of Alabama stated that this court "correctly held [in State ex rel. E.K.D. v. M.R.W., supra] that the five-year limitations period applies in an action brought to determine the existence of the father-and-child relationship when a child has a presumed father, as set forth in § 26-17-5(a)(1)." Ex parte State of Alabama ex rel. State of Ohio, 718 So.2d at 669.
T.L.K. was born on December 18, 1979. Under § 26-17-5(a)(1) and § 26-17-6(a), T.L.K., her mother, or T.K., the presumed father, had five years from that date in which to bring an action to determine T.L.K.'s paternity. The State, on behalf of T.L.K., filed the action that forms the basis for this appeal on November 25, 1995, well after the five-year limitations period had expired. The trial court properly dismissed this case because of the expiration of the statutory limitations period.
We note that the State's ability to seek to recoup the public assistance benefits paid for the benefit of a child whose paternity has not been determined is derivative of the rights of the mother and the child. Under the present Alabama Uniform Parentage Act, § 26-17-1 et seq., Ala.Code 1975, the State has no independent right to determine the paternity of a child for whose benefit it pays public assistance benefits. In cases such as this one, the effect of the five-year statute of limitations on paternity actions in which the child has a presumed father can be to preclude the State's ability to recover from the father the monies paid for the benefit of the child or to obtain future support for the child. However, this court may not ignore the clear language of the statute. It is the function of the legislature, if it so desires, to create a remedy for the State under these circumstances.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.