468 So.2d 429 (1985)
Hank WILLIAMS, Jr., Etc., Appellant,
v.
Robert HARDY, Etc., Appellee.
No. 84-354.
District Court of Appeal of Florida, Fifth District.
May 2, 1985.
*430 Hubert C. Childress, Jr. and Samuel S. Henderson, of Bross, Trachtman, Henderson & Childress, P.A., Merritt Island, for appellant.
David C. Beers of Malone and Beers, Orlando, for appellee.
COWART, Judge.
We affirm a final judgment based on a jury verdict awarding $98,606 in damages in favor of appellee, a concert promoter, against appellant, Hank Williams, Jr., who breached a contract to perform at an outdoor concert.
The contract in question contained a provision for arbitration in New York according to New York law. Generally, arbitration provisions are validated by section 682.02, Florida Statutes, but this statute does not apply "to such agreement or provision to arbitrate in which it is stipulated that this law shall not apply or to any arbitration or award thereunder." See Damora v. Stresscon International, Inc., 324 So.2d 80 (Fla. 1975); Donmoor, Inc. v. Sturtevant, 449 So.2d 869 (Fla. 5th DCA 1984); Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 405 So.2d 790 (Fla. 4th DCA 1981); Knight v. H.S. Equities, Inc., 280 So.2d 456 (Fla. 4th DCA 1973).
Appellant's argument that the Federal Arbitration Act, 9 U.S.C. §§ 1-14 (1976), applies and pre-empts state law, made for the first time before this court on appeal, comes too late as that legal issue was not presented to the trial court and must now be considered to have been waived; otherwise appellant having presented his case to a jury could, upon losing, obtain a reversal on appeal and again present it to an arbitrator.
Likewise, appellant's assertion on the day before trial that appellee had failed to comply with the fictitious name statute, section 865.09, Florida Statutes, came too late and was properly denied, see Jackson v. Jones, 423 So.2d 972 (Fla. 4th DCA 1982), review denied, 436 So.2d 99 (Fla. 1983), and Cor-Gal Builders Inc. v. Southard, 136 So.2d 244 (Fla. 3d DCA 1962).
The evidence as to damages in this case is sufficient as against the argument that damages were purely speculative. The promoter sold 5,928 "advance tickets" at $8.50 each ($50,388) and incurred promotional expenses of $31,356.69. An expert witness with special knowledge of the business of producing and promoting outdoor country music festivals, testified that under the circumstances of this case it would be a conservative estimate, and reasonable to expect, that gate ticket sales would be double the number of advance ticket sales. This testimony supported the jury's verdict. As to speculative damages generally, see Twyman v. Roell, 123 Fla. 2, 166 So. 215 (1936).
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.