508 So.2d 1274 (1987)
ACTON CATV, INC., Appellant,
v.
WILDWOOD PARTNERS, LTD., Appellee.
Nos. 86-1680, 86-1681.
District Court of Appeal of Florida, Fifth District.
June 4, 1987.
Rehearing Denied June 30, 1987.
*1275 Zala L. Forizs of Blasingame, Forizs & Smiljanich, P.A., St. Petersberg, for appellant.
John F. Tierney, III, Tallahassee, for appellee.
COWART, Judge.
Appellee, Wildwood Partners, Ltd., a New Jersey limited partnership, entered into a contract with B.M.F. Constructors for B.M.F. to construct a community antenna television system in Sumter County, Florida. The same parties entered into a second contract for B.M.F. to manage this cable T.V. system. Each contract contained both a provision prohibiting an unconsented assignment of the contract and a provision that all disputes would be determined by arbitration in Greenwich, Connecticut, under American Arbitration Association rules.
Without consent, B.M.F. assigned its rights under the two contracts to Phoenix, which assigned them to National Telecommunications, which became appellant Acton CATV, Inc., a Connecticut corporation, which entity performed various work under both contracts. Disputes arose and Wildwood filed an action in Sumter County, Florida, against Acton. Acton moved for an order to compel arbitration under the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and the Connecticut Arbitration Act. The trial court denied that motion and Acton appeals.
Because both contracts provide for arbitration to be held in another state (Connecticut), the arbitration provisions are not enforceable under the Florida Arbitration Act, Chapter 682, Florida Statutes. Damora v. Stresscon International, Inc., 324 So.2d 80 (Fla. 1975); Williams v. Hardy, 468 So.2d 429 (Fla. 5th DCA 1985); Riverfront Properties, Ltd. v. Max Factor III, 460 So.2d 948 (Fla. 2d DCA 1984); Donmoor, Inc. v. Sturtevant, 449 So.2d 869 (Fla. 5th DCA 1984). Acton recognizes this, but contends that the Federal Arbitration Act, 9 U.S.C. §§ 1-14, applies and preempts the Florida Arbitration Act. The Federal Arbitration Act applies to

*1276 A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal ...
9 U.S.C. § 2.
The crucial question is: do the contracts in this case necessarily evidence a transaction involving interstate commerce?
Acton argues that the contracts involve interstate commerce because, as a matter of fact, in performing under these agreements Acton bills customers from its principal place of business in Acton, Massachusetts, it does bookkeeping in Massachusetts, that it makes managerial decisions in Massachusetts, while the system services people in Sumter County, Florida, etc. Wildwood argues that the court should consider what the parties contemplated at the time the original contracts were entered into between it and Acton's predecessor in determining whether the contracts evidenced a transaction involving interstate commerce. Wildwood relies on Riverfront Properties, which cites the following portion of a concurring opinion in Metro Industrial Painting Corp. v. Terminal Construction Co., 287 F.2d 382 (2d Cir.), cert. denied, 368 U.S. 817, 82 S.Ct. 31, 7 L.Ed.2d 24 (1961), as the proper analysis of the instant question:
The significant question therefore (in determining whether a contract evidences a transaction involving commerce), is not whether, in carrying out the terms of the contract, the parties did cross state lines, but whether, at the time they entered into it and accepted the arbitration clause, they contemplated substantial interstate activity. Cogent evidence regarding their state of mind at the time would be the terms of the contract, and if it, on its face, evidences interstate traffic ... the contract should come within § 2. In addition, evidence as to how the parties expected the contract to be performed and how it was performed is relevant to whether substantial interstate activity was contemplated. 287 F.2d at 387.
Riverfront Properties, 460 So.2d at 953 (emphasis in original).
We agree with Wildwood that in determining that an agreement evidences a "transaction involving interstate commerce," courts should give primary emphasis to the intentions of the original contracting parties and the original contract itself rather than to look at the actions and methods a specific subsequent assignee of the contract actually used in performing under the contract. Otherwise, one party, unilaterally, or even, as in this case, a subsequent assignee of one party, could change the intrastate character of an original agreement into an interstate agreement merely by performing it in such a manner as to create a transaction involving interstate commerce. Accordingly, we uphold the trial court's determination and affirm the order of the trial court denying appellant's motion to compel arbitration under the Federal Arbitration Act. We also uphold the trial court's order awarding Wildwood $1,000 in fees and costs.
AFFIRMED.
ORFINGER and SHARP, JJ., concur.