Mobil Oil Corporation, Mobil Oil Exploration and Producing Southeast, Inc., and Mobil Exploration and Producing Services United States, Inc. (collectively referred to as "Mobil") petition this Court to order the Circuit Court of Mobile County to limit discovery in a pending case to matters relevant to the one factual determination before the trial court.
The dispute underlying this petition has previously been before this Court. In Mobil Oil Corp. v. Schlumberger,598 So.2d 1341 (Ala. 1992), Mobil appealed from a summary judgment in favor of Anadrill, Inc. (previously known as Anadrill Schlumberger). The issues concerned indemnity provisions in two separate agreements between Mobil and Anadrill. Mobil's claim for indemnity arose from a personal injury that occurred at Mobil's dock.
The facts set out in that opinion are as follows:
 "Mobil ordered from Anadrill a drilling jar, to be used in offshore oil drilling. Acme Trucking Company was to deliver the drilling jar to the Mobil dock. The facts are in dispute as to whether Anadrill or Mobil contacted Acme to have it deliver the drilling jar. On January 16, 1989, Joseph Leboeuf was delivering the drilling jar to the Mobil dock for Acme. Michael Patton, an employee of Reidel Environmental Services, Inc., . . . was unloading the drilling jar from the Acme delivery truck when the drilling jar fell on Leboeuf. Leboeuf lost both of his legs and one of his arms as a result of the accident.
 Leboeuf sued Mobil, Riedel, and Patton, alleging that negligence on their part had caused his injuries."
598 So.2d at 1343.
Mobil filed a third-party complaint against Anadrill based on indemnity provisions in two separate agreements with Anadrill. Anadrill filed a motion for summary judgment, which was subsequently granted. Mobil appealed. On appeal, the issue was whether a 1971 agreement or a 1987 agreement between the parties was controlling and whether the indemnity clause in the controlling agreement required that Anadrill indemnify Mobil.
This Court stated:
 "We now turn to our discussion of the indemnity clause in the 1987 agreement, because that agreement is controlling. The 1987 agreement provides for indemnity if an employee of Anadrill or an employee of a subcontractor or contractor of Anadrill is injured. The evidence is in dispute as to whether Acme was a contractor of Mobil or of Anadrill. This question of fact must be answered by a jury. If the jury determines that Acme was a contractor of Anadrill, then Anadrill must indemnify Mobil for the injuries to Leboeuf. If the jury determines that Acme was a contractor of Mobil, then Mobil is not entitled to indemnity from Anadrill."
598 So.2d at 1346.
We reversed the summary judgment and remanded the case for a trial to determine whether Acme was a contractor of Anadrill or of Mobil. We subsequently denied rehearing. *Page 352 
On remand, Anadrill moved to compel discovery, including answers to interrogatories and production of certain documents. Mobil requested a pretrial conference to discuss the discovery requests by Anadrill, arguing that many of the discovery requests involved issues already decided as a matter of law by this Supreme Court in Mobil Oil Corp. v. Schlumberger. Mobil argued that discovery should be limited and that certain issues were precluded from litigation. After hearing arguments from both parties, the trial court granted the motion to compel discovery on all the requests made by Anadrill and denied Mobil's motion to limit discovery and finding that no issues were precluded from litigation.
Anadrill argues in its brief that it is entitled to put before the jury the issues of which agreement applies and whether indemnity is required under the controlling agreement and it argues that full discovery should be granted. However, this argument is wholly without merit.
It is abundantly clear from our earlier opinion that the only issue to be determined at trial is whether Acme was a contractor of Anadrill or of Mobil. This Court determined, as a matter of law, that the 1987 agreement between the parties is controlling. This Court went so far as to "draw the parties a picture" of the sole issue to be determined at trial by stating, "If the jury determines that Acme was a contractor of Anadrill, then Anadrill must indemnify Mobil for the injuries to Lebouef. If the jury determines that Acme was a contractor of Mobil, then Mobil is not entitled to indemnity from Anadrill." 598 So.2d at 1346. The opinion is unambiguous and can be interpreted only one way. This Court issued a definite and specific mandate to the trial court.
Trial courts are required to follow the mandates of appellate courts. Ex parte United States Fidelity Guaranty Co.,585 So.2d 922 (Ala. 1991). On remand, a trial court is not free to reconsider issues finally decided by the appellate court and must comply with the appellate mandate. Auerbach v. Parker,558 So.2d 900 (Ala. 1989), citing Erbe v. Eady, 447 So.2d 778
(Ala.Civ.App. 1984). If a trial court fails to comply with an appellate court's mandate, mandamus will lie to compel compliance. Ex parte Alabama Power Co., 431 So.2d 151
(Ala. 1983).
Based on the foregoing, we grant Mobil's petition for the writ of mandamus and order the circuit court to limit discovery to information relevant to, or reasonably calculated to lead to admissible evidence pertaining to, the sole issue before the trial court — whether Acme was a contractor of Anadrill or of Mobil.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.