In Terminix International Co. Ltd. Partnership v. Jackson669 So.2d 893 (Ala. 1995),[1] *Page 556 
this Court reversed the circuit court's denial of Terminix's motion to compel arbitration of the contract claim in the Jackson' complaint and remanded the cause for further proceedings. When the case returned to the circuit court, Terminix filed a new motion to compel arbitration, this time seeking to compel arbitration of all four counts of the complaint rather than only Count III, the contract count. The circuit court denied the motion as to Count I, which alleges fraud and suppression that induced the Jacksons to purchase the house, and Count II, which alleges that the defendants negligently, wantonly, or willfully failed to properly inspect the house and inform the Jacksons of the true extent of the damage to the house. The court granted the motion as to Count III alleging breach of the contract, or termite protection plan, and Count IV, fraudulent inducement to purchase the termite protection plan. Terminix appeals from the denial of the motion as to Counts I and II; the Jacksons have not sought a writ of mandamus to set aside the granting of the motion as to Counts III and IV.
In Terminix's original motion to compel arbitration, filed seven months after the complaint was filed, and after considerable discovery, Terminix sought arbitration only of the claim under the termite protection plan:
 "Plaintiffs' claims against Defendants in this action are stated in the alternative. If the damage in Plaintiffs' home is old damage, they claim that Terminix Service is liable to them for failing to disclose the existence of the damage prior to their purchase of the home; in the alternative, Plaintiffs claim that if the damage in their home is new damage, Defendants have breached their duty to repair the damage, which duty arises from the language of the Termite Protection Plan subject of this motion. Resolution of the issue of whether the damage is new, thus triggering the duty to repair contained in the Termite Protection Plan, in accordance with the arbitration clause contained in the contract, may dispose of Plaintiffs' alternative fraud claim. Even if it does not dispose of the claim, it will narrow the issues to be tried by this Court."
Thus, in the initial proceedings before the circuit court, Terminix did not take the position that Counts I and II were arbitrable. We express no opinion on whether Count IV is arbitrable, because the Jacksons do not take issue with the circuit court's holding that it is. We also will not discuss Terminix's assumption that an arbitration of the contract claim would "narrow the issues to be tried by the Court" on the fraud and negligence claims, except to refer the reader to our discussion at 669 So.2d at 897-99.
One of the circuit court's initial bases for denying the motion to compel arbitration was its finding that Terminix had waived any right to seek specific performance of the arbitration clause by substantially invoking the litigation process:
 "Further, the Court finds that even if the arbitration clause was enforceable as to that one cause of action with that one defendant, the defendants have waived any right to arbitration which they may have had. The Court makes this finding based upon the totality of the circumstances in that the defendants have acted inconsistently with the arbitration right and, as a result, have prejudiced the plaintiffs. The Complaint in this case was served in August, 1991, and the defendants did not file their Motion to Compel Arbitration and Stay Litigation until March 30, 1992, some seven months later. During this period of time the defendants filed Requests for Admissions, Interrogatories, [and] Request[s] for Production of Documents and took two depositions totaling over 100 pages. Further, the plaintiffs have taken three depositions consisting of over 300 pages. There is no question that the defendants have acted inconsistently with this arbitration right and the plaintiffs have incurred expenses by participating in the litigation process. S H Contractors, Inc. v. A.J. *Page 557 Taft Coal Co., 906 F.2d 1607 (11th Cir. 1990)."
In the initial appeal, this Court did not reach the question of waiver, because the Court affirmed the circuit court's primary holding that the contract did not involve interstate commerce. 628 So.2d at 369. However, Terminix argued that the circuit court's denial of the motion to compel arbitration should be reversed in spite of that court's finding of waiver, citing Exparte McKinney, 516 So.2d 693 (Ala. 1987). for the proposition that "a party does not waive its right to arbitrate by engaging in discovery that would have been necessary, in any event, on the nonarbitrable claims subject of the action." Appellant's brief in appeal no. 1911842, filed October 22, 1992, p. 8. Although the nonarbitrable claims referred to on page 9 of that brief were the claims against the individual defendants George Battle and George Massey, Terminix had at that time sought arbitration only of the contract claim against it, essentially conceding that; the fraud and negligence claims against it: were nonarbitrable.
Thus, when this case was remanded to this Court by the Supreme Court of the United States, we were presented with (1) a holding by that Court in Allied-Bruce Terminix Cos. v. Dobson,513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 763 (1995), that a similar Terminix contract involved interstate commerce and that therefore the Federal Arbitration Act preempted Ala. Code 1975, § 8-1-41
(3), as to claims based on the Terminix contract; (2) a finding by the circuit court, as an alternative basis for denying the motion to compel arbitration, that Terminix had waived any right to seek arbitration of the Jacksons' claims; and (3) argument by Terminix that it had not waived arbitration, because the discovery that had been conducted before it moved to compel arbitration was applicable to nonarbitrable claims in the Jacksons' complaint.
In this Court's November 3. 1995, opinion, we accepted Terminix's argument on this point in holding that it had not waived its right to seek arbitration of the contract claim:
 "Terminix points out that the discovery conducted by the parties in this case, including Terminix's depositions of the Jacksons and the Jacksons' depositions of certain Terminix agents, would be necessary to adjudicate the nonarbitrable claims. . . . Thus, the discovery expenses incurred by the Jacksons are not, now, wasted by Terminix's assertion of the right to arbitrate, and Terminix has not acted in a manner evincing 'an intent to abandon the right to seek arbitration.' Ex parte Merrill Lynch[, Pierce, Fenner Smith, Inc., 494 So.2d 1, at 3 (Ala. 1986)].
 "Therefore, in light of the United States Supreme Court's holding in Allied-Bruce Terminix [513 U.S. 1123, 115 S.Ct. 930, 130 L.Ed.2d 876], the circuit court must grant Terminix's motion to compel arbitration of the Jacksons' breach of contract claim.
 "Although Terminix's motion sought to compel arbitration only of the contract claim, not the fraud and negligence claims, the motion did seek a stay of litigation of those claims pending arbitration of the contract claim."
Terminix International, 669 So.2d at 896-97 (emphasis added).
Thus, this Court overturned the circuit court's finding of waiver, based principally upon Terminix's argument that the discovery that had been conducted was attributable to the claims that were not subject to arbitration. At that time, the only claim Terminix sought to arbitrate was the contract claim.
 "[T]he doctrine of judicial estoppel `applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted. Judicial estoppel looks to the connection between the litigant and the judicial system while equitable estoppel focuses on the relationship between the parties to the prior litigation."'
Selma Foundry Supply Co. v. Peoples Bank Trust Co.,698 So.2d 844, 846 (Ala. 1992), quoting Oneida Motor Freight, Inc. v.United Jersey Bank, 848 F.2d 414, 419 (3d Cir.), cert. denied,488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988). See alsoBertrand v. Handley, 646 So.2d 16 (Ala. 1994); Luna v. Dominionbank of Middle Tennessee, Inc., 631 So.2d 917 (Ala. 1993); Bracyv. *Page 558 Scott, 589 So.2d 145 (Ala. 1991); Russell v. Russell,404 So.2d 662 (Ala. 1981).
Because Terminix took the position that only the contract claim was subject to arbitration, and because this Court relied principally upon that position to overturn the circuit court's finding of a waiver, Terminix is judicially estopped from taking the position that all of the claims in the Jacksons' complaint are subject to arbitration.
Moreover, when this Court reversed as to the contract claim, it remanded simply for the circuit court to determine whether litigation of the other claims should be stayed pending arbitration of the contract claim:
 "For the foregoing reasons, the denial of the motion to compel arbitration of the contract claim is reversed, and the cause is remanded for the circuit court to consider whether, in its discretion, to grant or to deny the motion to stay litigation of the fraud and negligence claims."
Terminix International., 669 So.2d at 899. "On remand, trial courts are required to follow the mandates of this Court or of any other appellate court." EX parte United States Fid. Guar.Co., 585 So.2d 922, 924 (Ala. 1991), citing Kinney v. White,215 Ala. 247, 110 So. 394 (1926). Indeed, if a trial court does not follow the mandate of an appellate court, mandamus will lie to compel such compliance. Ex parte Ufford, 642 So.2d 973 (Ala. 1994); Ex parte Mobil Oil Corp., 613 So.2d 350 (Ala. 1993); Exparte U.S.F. G., supra, Ex parte Bradley, 540 So.2d 711 (Ala. 1989); Ex parte Alabama Power Co., 431 So.2d 151 (Ala. 1983). Therefore, if the circuit court had granted Terminix's motion to compel specific performance of the arbitration clause as to Counts I and II (again, we express no opinion regarding Count IV, because the Jacksons do not contest the ruling regarding that count), it arguably would be subject to a writ of mandamus ordering it to deny that motion.
This Court did not expressly hold that Counts I and II were not: subject to arbitration. No such holding was requested, or would have been appropriate, because Terminix had not asserted that they were subject to arbitration. However, the Court did suggest a comparison to Allied-Bruce Terminix Cos. v. Dobson,684 So.2d 102 (Ala. 1995), adding the following parenthetical summary of the point on which it was comparable: "(holding that tort claims similar to those stated by the Jacksons were not within the scope of an identical arbitration clause, but that the contract claims were within the scope of the clause)." TerminixInternational, 669 So.2d at 895. Furthermore, the Court remanded for consideration of whether litigation of the fraud and negligence claims should be stayed pending arbitration of the contract claim; the circuit court held that they should not be. Thus, the circuit court followed both the reasoning and the mandate of this Court's order of remand:
Because the circuit court's denial of Terminix's motion to compel arbitration of Counts I and II was so clearly correct for the reasons stated above, we will not examine in detail the relationship, or lack thereof, of those fraud and negligence claims to the termite protection bond in which the arbitration clause appears. We do note that the termite protection bond provides certain remedies to the Jacksons if new termite infestations occur, whereas the allegations of Counts I and II pertain to an inspection of the house for the sake of issuing a "termite letter" to facilitate the Jacksons' purchase of the house. This is virtually the same situation that was presented inAllied-Bruce Terminix v. Dobson. Moreover, in this case, Terminix had conducted an earlier inspection that had disclosed the damage that was not disclosed in the letter issued in conjunction with the sale to the Jacksons. The Jacksons allege that Terminix fraudulently suppressed that information. As in Dobson., we do not see that the activities in regard to the termite letter give rise to claims "arising out of or relating to the interpretation, performance or breach of any provision of" the termite protection plan.
For the reasons stated, the order appealed from is affirmed.
AFFIRMED.
SHORES, KENNEDY, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX, HOUSTON, and SEE, JJ., dissent.
[1] Earlier decisions in this matter were reported at628 So.2d 357 (Ala. 1993) and 513 U.S. 1123, 115 S.Ct. 930, 130 L.Ed.2d 876
(1995). A similar, but independent, action involving the same or related Terminix defendants resulted in the opinions styledAllied-Bruce Terminix Cos. v. Dobson, 628 So.2d 354 (Ala. 1993), reversed, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753, onremand, 684 So.2d 102 (Ala. 1995). We shall refer in this opinion to the defendants Terminix International Company Limited Partnership and Allied-Bruce Terminix Companies, Inc., collectively as "Terminix," because there is no difference, for the purposes of this opinion, between the positions of the two entities. *Page 559