In Celtic Life Insurance Co. v. McLendon 814 So.2d 222 (Ala. 2001), an appeal from a trial court's order denying arbitration in a case involving the same parties as are before this Court on these petitions, this Court held:
 "[T]he order of the trial court denying Celtic and [Jeffrey] Fredrickson's motions to compel arbitration is reversed, and the cause is remanded for further proceedings consistent with this opinion."
After we remanded the case in Celtic Life, this Court decided CavalierManufacturing, Inc. v. Jackson, 823 So.2d 1237 (Ala. 2001). In CavalierManufacturing, a case of first impression in which the plaintiff had challenged the validity of an arbitration clause because the arbitration clause prohibited punitive damages, we held:
 "[A] predispute arbitration clause that forbids an arbitrator from awarding punitive damages is void as contrary to the public policy of this State — to protect its *Page 767 
 citizens in certain legislatively prescribed actions from wrongful behavior and to punish the wrongdoer. If parties to an arbitration agreement waive an arbitrator's ability to award punitive damages, the door will open wide to rampant fraudulent conduct with few, if any, legal repercussions. The Legislature intended that punitive damages be available as a remedy in fraud actions, as evidenced by the enactment of § 6-11-20(a). The Legislature is endowed with the exclusive domain to formulate public policy in Alabama, a domain upon which the judiciary shall not trod. American Bankers Ins. Co. of Florida [v. Crawford] 757 So.2d [1125,] 1137 [(Ala. 1999)]. Thus, we conclude that it is not within the province of parties to a predispute arbitration agreement to waive a punitive-damages award."
Cavalier Mfg., 823 So.2d at 1248 -49. We reiterated that holding in Exparte Thicklin, 824 So.2d 723, (Ala. 2002).
In Celtic Life, Diane McLendon did not challenge the arbitration clause on the theory that that clause was invalid because it prohibited the award of punitive damages, an issue that had not yet been addressed by the United States Supreme Court or this Court, and on which federal circuit and district courts were divided. However, after this Court reversed the trial court's judgment denying Celtic Life Insurance Company and Jeffrey Fredrickson's motions to compel arbitration and after this Court released opinions in Cavalier Manufacturing and Thicklin, McLendon filed a motion in the circuit court asking it to void the arbitration agreement based solely upon the provision in that agreement prohibiting the award of punitive damages. In spite of the mandate in Celtic Life, the trial court granted McLendon's motion. Celtic and Fredrickson then filed these petitions for a writ of mandamus.
The contract of insurance included the following arbitration agreement:
"Arbitration
 "Controversies or disputes arising out of, in connection with, or relating to this certificate [of insurance] which cannot be resolved to the satisfaction of both parties, may be resolved by arbitration, only as herein provided. Except that, judicial injunctive relief may be sought, if, such action is necessary to avoid irreparable harm or to preserve the status quo. Arbitration may not be initiated more than one year after the date written notice of the controversy or dispute was given.
 "Arbitration shall be by a panel of three neutral arbitrators. Each arbitrator shall meet the requirements of, and agree to act in accordance with, the procedures established by, the American Arbitration Association. Within thirty days after receipt of a demand for arbitration, each party shall designate its arbitrator. The designated arbitrators shall, within thirty days, select the third arbitrator. If the arbitrators cannot agree on a third arbitrator within thirty days, they shall each nominate three individuals. The American Arbitration Association shall choose the third arbitrator from the list of nominated individuals. Unless agreement is otherwise reached, the proceedings will be conducted in the county seat of the county nearest the insured person's residence which has a population of at least 100,000 persons.
 "Each party shall bear the cost of its own arbitrator. The costs of the arbitration proceeding, including the fees of the third arbitrator, shall be borne equally by the parties. Attorney fees and expenses for witnesses will not be deemed to be expenses of arbitration, *Page 768 
but will be borne by the party incurring them.
 "Each party hereby irrevocably waives any right to recover punitive damages. The arbitrators shall have no power to award any punitive damages or to ignore or vary the terms of this certificate.
 "In any arbitration dispute or controversy that conflicts with this certificate this certificate shall govern. The parties agree that the arbitration award and any decision by the arbitration panel shall be confidential. It is understood and agreed that the arbitration shall be binding upon the parties, that the parties are waiving their right to seek remedies in court (except for judicial injunctive relief, as stated above), including the right to a jury trial; and that an arbitration award may not be set aside in later litigation except upon the limited circumstances set forth in the Federal Arbitration Act. Judgment upon the award rendered by the arbitration panel may be entered in any court having jurisdiction thereof."
On March 4, 2002, this Court ordered McLendon to file an answer and brief. We grant the petitions and issue the writs of mandamus.
For the reason discussed in the following paragraphs, we need not discuss (1) whether the trial court had authority to enter an order contrary to the mandate of this Court (see Ex parte King 821 So.2d 205
(Ala. 2001); Terminix Int'l Co. v. Jackson, 723 So.2d 555, 558 (Ala. 1998); Alfa Mut. Ins. Co. v. Nationwide Mut. Ins. Co., 684 So.2d 1295,1302 (Ala. 1996); and Ex parte Mobil Oil Corp., 613 So.2d 350, 352 (Ala. 1993)); (2) whether the law of the case required the trial court to deny McLendon's motion (see Southern United Fire Ins. Co. v. Purma,792 So.2d 1092, 1094 (Ala. 2001); Titan Indem. Co. v. Riley, 679 So.2d 701,705 (Ala. 1996); and Glasscock v. Wallace, 488 So.2d 1346, 1348 (Ala. 1986)); (3) whether McLendon waived any claim that the contract language relating to punitive damages rendered the arbitration provision void (seeBogle v. Scheer, 512 So.2d 1336, 1337 (Ala. 1987); and Boshell v. Keith,418 So.2d 89, 92 (Ala. 1982)); or (4) whether Cavalier Manufacturing andThicklin should be given prospective application only.
Celtic and Fredrickson are requesting that this Court direct the trial court to vacate its order entered on remand and to enter another order granting the defendants' motions for a stay of the proceedings, including any discovery undertaken to compel arbitration, with instructions to the parties to proceed to arbitration in accordance with the parties' agreement to arbitrate, excluding the punitive-damages provision. The arbitration agreements in Cavalier Manufacturing and Thicklin contained severability clauses, and in those cases this Court severed the void provisions relating to punitive damages from the remainder of the arbitration clause.
The policy at issue contains the following provision:
 "Any provision of this certificate which, on its effective date, conflicts with the law of the state in which the primary insured resides, is amended to conform to the minimum requirements of such laws."
We need not decide whether this clause renders ineffective a clause held to be void after the effective date of the policy, because Celtic, the only defendant who was a party to the contract, waived the right to enforce the provision excluding an award of punitive damages. This Court has long recognized that a party to a contract can waive a contractual provision beneficial to that party. See Industrial Mach., Inc. v. CreativeDisplays, Inc., *Page 769 344 So.2d 743, 746 (Ala. 1977); LaGrave v. Jones, 336 So.2d 1330, 1332
(Ala. 1976). See also Commercial Contractors, Inc. v. United States Fid. Guar. Co., 524 F.2d 944, 954 (5th Cir. 1975) (applying Alabama law).
Both Celtic and Fredrickson argue that this Court has frequently excised void or illegal provisions in a contract, even in the absence of a severability clause, and enforced the remainder of the contract. SeeWright v. Robinson, 468 So.2d 94, 98 (Ala. 1985); Sales-Davis Co. v.Henderson-Boyd Lumber Co., 193 Ala. 166, 172, 69 So. 527, 529 (1915). See generally 17A C.J.S., Contracts § 297 (1999) (discussing the general "duty of the court to preserve so much of a contract as may properly survive its invalid and ineffective provisions").
The trial court is directed to vacate its order and enter an order granting Celtic and Fredrickson's motions to stay the proceedings, including discovery, and to compel arbitration in accordance with the arbitration agreement set out hereinabove, except for the following provision:
 "Each party . . . irrevocably waives any right to recover punitive damages. The arbitrators shall have no power to award any punitive damages. . . ."
PETITIONS GRANTED; WRITS ISSUED.
Lyons, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
Moore, C.J., and See, J., recuse themselves.