PALMER, J.
Pilot Catastrophe Services, Inc., appeals the non-final order entered by the trial court denying its motion to compel arbitration.[1] Determining that the arbitration agreement involved in this case is enforceable in part, we reverse.
Suzanne Fouche, a Florida resident, filed a lawsuit against Pilot, claiming disability and gender discrimination in her employment, in violation of the Americans with Disabilities Act (Title VII),[2] the Florida Civil Rights Act (FCRA),[3] and the Civil Rights Act of 1964.[4]
Pilot filed a motion to compel arbitration and to dismiss or stay Fouche’s lawsuit based upon the parties’ employment contract. That contract included a choice of law provision mandating that the contract would be governed by Alabama law (where Pilot is incorporated). The employment contract also contained an arbitration provision, providing that all disputes between the parties would be resolved through binding arbitration. The arbitration provision also included, in relevant part, the following language:
Pilot will bear the expense of its panel designee, the Employee will bear the expense of the Employee’s panel desig-nee, and Pilot and the Employee will bear the equally bear the expense of the umpire and the arbitration
[[Image here]]
The Employee and Pilot shall each bear their own attorney’s fees, costs, and expenses. The Employee and Pilot expressly agree that punitive and/or exemplary damages shall not be awarded; however, if an agreement precluding such damages or award is unenforceable, then, in such event, Employee and Pilot agree that such award shall be limited to a maximum of 10% of any proven recoverable actual compensatory damages.
[[Image here]]
Employee and Pilot further agree that that punitive and/or exemplary damages, if allowed and recoverable, shall only be awarded only upon a showing of proof beyond a reasonable doubt of conduct permitting recovery of such damages.
After conducting a hearing, the trial court denied Pilot’s motion to compel arbi *154 tration, concluding that the arbitration provision was unenforceable.
Pilot contends that the trial court erred in denying its motion to compel arbitration, arguing that the arbitration provision is valid and enforceable under the Federal Arbitration Act and Alabama law. We agree, in part.
Orders denying motions to compel arbitration are reviewed de novo, except that factual findings are reviewed for support by competent, substantial evidence. Furthermore, a trial court’s decision regarding whether an arbitration agreement or provision is void as against public policy presents “a pure question of law, subject to de novo review.” Fi-Ever-green Woods v. Estate of Vrastil, 118 So.3d 859, 862 (Fla. 5th DCA 2013) (quoting Shotts v. OP Winter Haven, Inc., 86 So.3d 456, 471 (Fla.2011)).
As a threshold procedural matter, the Federal Arbitration Act (FAA)[5] applies to agreements evidencing a transaction involving interstate commerce. See Acton CATV, Inc. v. Wildwood Partners, Ltd., 508 So.2d 1274 (Fla. 5th DCA 1987); Williams v. Hardy, 468 So.2d 429 (Fla. 5th DCA 1985); Donmoor, Inc. v. Sturtevant, 449 So.2d 869, 870 (Fla. 5th DCA 1984). A contract between a Florida resident and a foreign corporation is an agreement evidencing a transaction involving interstate commerce. See Gilman & Ciocia, Inc. v. Wetherald, 885 So.2d 900, 904-905 (Fla. 4th DCA 2004). The United States Supreme Court has explained that the purpose of the FAA is to “reverse the longstanding judicial hostility to arbitration agreements ... and to place arbitration agreements upon the same footing as other contracts.” Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 121 S.Ct. 513,148 L.Ed.2d 373 (2000) (citations omitted). Consistent with that objective, the FAA creates a strong federal policy in favor of arbitration. See Picard v. Credit Solutions, Inc., 564 F.3d 1249, 1253 (11th Cir.2009).
Section two of the FAA provides:
A written provision ... [in a]contraet evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
9 U.S.C. § 2 (2012). Under Alabama law, “[a]rbitration provisions are to be treated like any other contractual provision,” and a trial court is “required to stay or dismiss proceedings and to compel arbitration if the parties have entered into a valid contract containing an arbitration agreement.” Service Corp. Int’l v. Fulmer, 883 So.2d 621, 633 n. 15 (Ala.2003); Ameriquest Mortg. Co., Inc. v. Bentley, 851 So.2d 458, 462 (Ala.2002).
The trial court held that the arbitration provision contained in the parties’ employment contract was unenforceable for two reasons: (1) Fouche received inadequate consideration, and (2) the arbitration provision amends federal law.
As to the first issue, the trial court ruled the following:
[T]his Court finds that because [Fouche’s] employment was at-will, if this arbitration agreement provision is enforced, [Fouche] would have forfeited her rights to access the courts without having received any meaningful compensation. In other words, the effect of this arbitration clause is to amend Title VII, the Florida Civil Rights Act, and the Americans with Disabilities Act, to limit *155 the Plaintiffs access to courts, for which she received no consideration other than at-will employment (which is effectively nothing).
The trial court erred in determining that at-will employment is not adequate consideration to enforce Fouche’s agreement to arbitrate because the Alabama Supreme Court has consistently held that “at-will employment is sufficient consideration to make an employee’s promise to arbitrate binding.” Bentley, 851 So.2d at 464 (citing Gadsden Budweiser Distrib. Co. v. Holland, 807 So.2d 528, 531 (Ala.2001)); Ex parte McNaughton, 728 So.2d 592, 595 (Ala.1998)).
As to the second issue, the trial court’s ruling presents two separate issues under Alabama law: (1) whether the punitive damages clause is unenforceable and, if so, whether it can be severed from the parties’ employment contract, and (2) whether the arbitration provision is rendered unenforceable because it forces Fouche to split the costs of arbitration and to bear her own attorney’s fees and costs.
First, under Alabama law, a contractual provision that prohibits punitive damages violates public policy and is, therefore, unenforceable because it prevents a party from recovering a complete remedy provided for by law. See Ex parte Thicklin, 824 So.2d 723, 732-33 (Ala.2002)(citing Cavalier Mfg., Inc. v. Jackson, 823 So.2d 1237 (Ala.2001)). However, Alabama law favors the severability of offending punitive damages clauses. In Ex parte Thicklin, the Alabama Supreme Court concluded that a provision in an arbitration agreement prohibiting punitive damages was invalid, but severed it out, sending the case to arbitration. Id. at 735. In Ex parte Celtic Life Insurance Co., 834 So.2d 766 (Ala.2002), the court explained that trial courts have a duty “to preserve so much of a contract as may properly survive its invalid and ineffective provisions.” Id. at 769. Ex parte Celtic involved an arbitration provision that prohibited the recovery of punitive damages. The Court severed the invalid provision and then sent the case to arbitration. Id.
In the instant case, the arbitration provision prohibits the recovery of punitive damages, and further provides that, “if an agreement precluding such damages or award is unenforceable, then ... Employee and Pilot agree that such award shall be limited to a maximum of 10% of any proven recoverable actual compensatory damages.” Title VII and the Civil Rights Act do not place a cap on the recovery of punitive damages, nor do they place the burden of proving punitive damages beyond a reasonable doubt on the claimant. The principles that make a contract clause prohibiting the recovery of punitive damages unenforceable are equally applicable to contract clauses that limit punitive damages. Accordingly, these contract provisions are unenforceable. In light of Alabama law favoring severability, as well as the FAA’s requirement that arbitration agreements be treated no less favorably than other contracts under state law, the trial court should have severed the punitive damages clause from the arbitration agreement.
Second, the United States Supreme Court has held that, “where ... a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs.” Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 92, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). In that case, Randolph provided the Court with evidence of costs from “informational material from the American Arbitration Association” and from “cases involving other arbitrations as reflected in the opinions *156 of other Courts of Appeals.” Id. The Court held that “[n]one of this information affords a sufficient basis for concluding that Randolph would in fact have incurred substantial costs in the event her claim went to arbitration.” Id. In a footnote, the Court found that Randolph supported her assertion that arbitration costs were prohibitively expensive with “unfounded assumptions.” Id. at 97, n. 6, 121 S.Ct. 513.
In the instant case, Fouche submitted an affidavit to the trial court, indicating “that she is single and the sole supporter of herself’ and that “she could no longer afford the substantial expense of arbitration mandated under the Agreement.” She cited to a law review article and a New York Times article, both of which discuss the potentially high costs of arbitration when compared to the costs of litigation in court, asserting that arbitration costs would be higher than court filing fees. This evidence is less than what the claimant in Randolph provided, which the U.S. Supreme Court determined was “too speculative.” As such, Fouche has not met her burden of demonstrating that her arbitration costs would be prohibitively high; therefore, the trial court erred in denying Pilot’s motion to compel arbitration.[6]
Accordingly, we reverse the trial court’s order denying Pilot’s motion to compel arbitration and remand with instructions to sever the punitive damages clause and submit the case to arbitration.[7]
REVERSED and REMANDED.
COHEN and WALLIS, JJ., concur.

. This court has jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(iv).

. See 42 U.S.C. § 12101 (2012).

. See § 760.10, Fla. Stat. (2012).

. See 42 U.S.C. § 2000e-2 (2012).

. See 9 U.S.C. §§ 1-12(2012).

. Importantly, Fouche is not left without a remedy. She can seek judicial review of the cost-splitting provision when her arbitration expenses become a certainty. The dissent in Randolph, arguing against the majority on the basis of judicial economy, comes to the same conclusion. “The Court's opinion, if I comprehend it correctly, does not prevent Randolph from returning to court ... if she then has a complaint about cost allocation.” Randolph, 531 U.S. at 97, 121 S.Ct. 513.

. Fouche’s contention that the arbitration agreement is unenforceable because it precludes the recovery of attorney fees in the arbitration is mooted by Pilot’s concession that attorney fees can be awarded in the arbitration.