This case concerns a foreign judgment.
On April 13, 1988, the appellees filed a motion to stay execution on a foreign judgment. On May 5, 1988, the trial court granted this motion.
A party who complains of error by the trial court must affirmatively show from the record on appeal that such error was in fact committed. Anderson v. Fields, 507 So.2d 963
(Ala.Civ.App. 1987); Porter v. Porter, 477 So.2d 433
(Ala.Civ.App. 1985). This rule is premised upon the fundamental proposition that an appellate court will not presume error and will affirm the judgment appealed from if supported on any valid legal grounds. Tucker v. Nichols, 431 So.2d 1263 (Ala. 1983).
In view of the limited record before us, the appellant here has failed to meet this burden, and we have no alternative but to affirm. Tucker, 431 So.2d 1263. The appellant has presented this court with no evidence that would put the trial court in error for not enforcing the foreign judgment. The appellant alleges that minimum contacts were sufficient in order to permit *Page 656 
the foreign state to exercise personal jurisdiction over the appellees. However, there is no evidence in the record to support this contention. "An individual's contract with an out-of-state party cannot alone automatically establish sufficient minimum contacts in the other party's home forum."Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174,85 L.Ed.2d 528 (1985) (emphasis in original).
We do note that it appears from the appellees' brief that an evidentiary hearing was held on this matter. If such a hearing was held, the trial court could have concluded that the foreign state did not have personal jurisdiction. However, from the record before us, we cannot determine what, if any, evidence was presented to the trial court. Nevertheless, as noted above, the appellant has failed to meet its burden of showing any error on the part of the trial court, and we must affirm on that ground. Tucker, 431 So.2d 1263.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.
[EDITORS' NOTE: PAGES 657-666 CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 1014