THOMAS, Judge.
Karen Robertson Mundi (“the former wife”) seeks mandamus review of the order of the Jefferson Circuit Court (“the trial court”) denying her motion to transfer this action from the trial court to the Blount Circuit Court. The allegations in the petition for the writ of mandamus indicate the following. The former wife and Eric Bradford Robertson (“the former husband”) were divorced by the trial court in 2007; the former wife was awarded sole physical custody of the parties’ minor children. Shortly thereafter, the former wife moved with the minor children to Blount County. On February 12, 2014, the former husband filed in the trial court a petition to show cause in which he alleged that the former wife had interfered with his visitation with the minor children. The former wife filed an answer to the petition to show cause on March 17, 2014; on April 1, 2014, she then filed a response to the former husband’s motion to set the case for trial and a motion to transfer the action to the Blount Circuit Court pursuant to § 30-3-5, Ala.Code 1975. On June 9, 2014, the former wife amended her answer to include the defense of improper venue. The materials submitted for our review indicate that the trial court held a hearing on April 29, 2014, and that, on July 18, 2014, it entered an order that, among other things, denied the former wife’s motion *243 to transfer. The former wife filed this petition for a writ of mandamus on July 1, 2014.[1]
We first note that “[a] petition for the writ of mandamus is the appropriate means by which to challenge a trial court’s order regarding a change of venue. Ex parte Sawyer, 892 So.2d 898, 901 (Ala.2004). The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows ‘ “ ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ” ’ Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000) (quoting Ex parte Gates, 675 So.2d 371, 374 (Ala.1996)); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala.1999).”
Ex parte Children’s Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala.2005).
Section 30-3-5 provides:
“Notwithstanding any law to the contrary, venue of all proceedings for petitions or other actions seeking modification, interpretation, or enforcement of a final decree awarding custody of a child or children to a parent and/or granting visitation rights, and/or awarding child support, and/or awarding other expenses incident to the support of a minor child or children, and/or granting post-minority benefits for a child or children is changed so that venue will lie in: (1) the original circuit court rendering the final decree; or (2) in the circuit court of the county where both the current custodial parent or, in the case of post-minority benefits, where the most recent custodial parent, that parent having custody at the time of the child’s attaining majority, and the child or children have resided for a period of at least three consecutive years immediately preceding the filing of the petition or other action. The current or most recent custodial parent shall be able to choose the particular venue as herein provided, regardless of which party files the petition or other action.”
The former husband does not dispute that, pursuant to § 30-3-5, proper venue of this action lies in either Jefferson County or Blount County at the former wife’s discretion. The former husband argues, however, that the former wife has waived any objection to venue in the trial court because the she did not raise venue in her initial responsive pleading.[2] According to *244 Rule 12(b), Ala. R. Civ. P., an objection to venue must be raised either in the first responsive pleading or by a motion filed before the first responsive pleading. Rule 12(h)(1), Ala. R. Civ. P., further provides:
“A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.”
(Emphasis added.)
Rule 15(a), Ala. R. Civ. P., provides, in part:
“Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court’s own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires.” Our supreme court stated in Ex parte

Fidelity Bank:

“Rule 12 and Rule 15, when read together, allow a defendant to amend an answer to include a Rule 12(b) defense, which is normally asserted, at the option of the pleader in the initial responsive pleading or in a motion filed before the initial responsive pleading, provided that the motion to amend is filed more than 42 days before trial.
“ ‘ “Therefore, any defense in law or in fact available to a party at the time he serves his responsive pleading should be asserted. But the policy of compelling the assertion of defenses by responsive pleading is not absolute. The liberal amendment policies under Rule 15 allow a party to add defenses to his responsive pleading that have been overlooked by mistake or neglect or that have become available to him after he has served his pleading, provided that the amendment does not prejudice the opposing party.” ’
“C. Wright & A. Miller, Federal Practice and Procedure § 1348 at 538 (1969).”
893 So.2d 1116, 1120 (Ala.2004).
It is undisputed that the former wife failed to object to venue in her March 17, 2014, answer; however, on April 1, 2014, 15 days later, she filed a response to the motion to set the case for trial and a motion to transfer. She also amended her answer to include the defense of improper venue on June 9, 2014. We note that Rule 12(b) provides that, when a defense is raised by a motion, the motion is to be filed before the first responsive pleading. However, this court has previously held that a motion raising a Rule 12(b) defense filed after a first responsive pleading, even if improperly filed, could reasonably be considered an amendment of the responsive pleading, as long as there is no prejudice to the other party. See Minkoff v. Abrams, 539 So.2d 306, 307 (Ala.Civ.App.1988); see also D.L.C. v. C.A.H., 764 So.2d 562, 564 (Ala.Civ.App.1999).
The former wife asserts in her petition that the trial court has set the trial on the merits of the former husband’s petition for July 31, 2014; this court is not privy as to when the trial court entered an order setting the date for trial. Regardless, the former husband does not assert that the trial court had set this case for trial in the 15-day period between the filing of the former wife’s first responsive pleading and the filing of her motion to transfer. The materials before us do not contain any indication that allowing the former wife to amend her responsive pleading 2 months *245 after the initiation of the action and only 15 days after her first responsive pleading could have caused the former husband any prejudice. Therefore, pursuant to. Rule 12(h)(1), because the former wife properly amended her answer in accordance with Rule 15(a), she did not waive her objection to improper venue. See Ex parte Fidelity Bank, 893 So.2d at 1120 n. 3 (stating that Rule 12 and Rule 15 permit a party to amend his or her pleadings to assert a Rule 12(b) defense, provided the amendment is filed more than 42 days before trial); see generally D.M.T.J.W.D. v. Lee Cnty. Dep’t of Human Res., 109 So.3d 1133, 1140 (Ala.Civ.App.2012) (holding that a mother “did not waive the defense of lack of personal jurisdiction by failing to raise it in her first responsive pleading” because “the mother sought leave to amend her answer to include the defense of lack of personal jurisdiction, ... DHR did not object to that motion, and ... the juvenile court allowed the mother to amend her answer”).
Because we have determined that the former wife timely amended her first responsive pleading to include an objection to venue, we must also conclude that the former wife has demonstrated that she had a clear legal right to choose the venue for this action pursuant to § 30-3-5. For that reason, her petition for a writ of mandamus is granted, and the trial court is instructed to enter an order granting the former wife’s motion to transfer the action to the Blount Circuit Court.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. The former wife filed a previous petition for a writ of mandamus on June 12, 2014, which was assigned case no. 2130746. However, the trial court had not yet entered a written order denying the former wife’s motion to transfer. Thus, this court, on June 18, 2014, denied that petition as having been prematurely filed, citing Rule 58(a) & (c), Ala. R. Civ. P., and Ex parte Chamblee, 899 So.2d 244, 248 (Ala.2004). See Ex parte Mundi, (No. 2130746, June 18, 2014), — So.3d(Ala.Civ.App.2014) (table).

. The former husband asserts that the former wife filed a petition for a protection-from-abuse order and a petition to modify the divorce judgment in the Blount Circuit Court after he had filed his petition to show cause in the trial court. He argues that the former wife violated § 6-5-440, Ala.Code 1975, by filing the Blount County action. We conclude that the issue whether § 6-5-440 precluded the former wife from filing her own cause of action in the Blount Circuit Court is not relevant to the issue before us in this petition for a writ of mandamus. The former husband also appears to argue that, based upon this court's holding in Ex parte Vest, 130 So.3d 566 (Ala.Civ.App.2011) the former wife was required to file a compulsory counterclaim in order to request a transfer of the action pursuant to § 30-3-5. We disagree with the former husband's reading of Vest.