THOMPSON, Presiding Judge.
James Howard Walker (“the father”) appeals from two judgments of the Lauder-dale Circuit Court (“the trial court”). In one judgment, the trial court denied the State of Alabama’s request, on behalf of the father, for child support; in the other, the trial court modified the physical custody of the two children bom of the father’s marriage to Courtney R. Lanier (“the mother”).
In 2008, the trial court entered a judgment divorcing the parties. That judgment awarded primary physical custody of the children to the father and awarded the mother visitation. Although the divorce judgment is not contained in the record on appeal, the father claims that the parties agreed that the mother would not be required to pay any child support because, according to the father, she maintained only part-time employment at the time of the divorce.
On August 23, 2010, the State of Alabama, on behalf of the father, filed in the trial court a petition to modify the parties’ divorce judgment. That petition was assigned case number DR-07-9.02 (“the child-support case”) in the trial court. In its petition, the State alleged that the children’s needs had increased since the divorce judgment and that the State had reason to believe the mother was financially capable of contributing toward the children’s support. Thus, the State requested, among other things, that the trial court order the mother to pay child support for the benefit of the children. The mother answered the State’s petition and denied the allegations contained therein.
On December 20, 2010, the mother filed in the trial court a single pleading containing a petition for contempt and a request to modify visitation. That pleading was assigned case number DR-07-9.03 (hereinafter sometimes referred to as “the custody-modification case”) in the trial court.[1] The mother alleged that the father had refused to cooperate with her regarding visitation. Thus, the mother asked that the trial court hold the father in contempt for his alleged failure to comply with the visitation provisions contained in the divorce judgment, and she asked the trial court to increase her visitation with the *41 children. The father answered the mother’s pleading and denied the allegations contained therein.
Before the trial court held a hearing on either case, the mother filed an “Emergency Motion for an Immediate Change in Custody” in case number DR-07-9.03 on March 30, 2012. In that motion, the mother alleged that she had evidence indicating that the father had physically abused the children. The mother indicated that the Lauderdale County Department of Human Resources and the Lauderdale County district attorney’s office were • investigating the allegations and that she expected criminal charges to be-filed. Thus, the mother asked the trial court to enter a judgment awarding “temporary” physical custody of the children to her and, after a hearing, to enter a judgment awarding primary physical custody of the children to her.; The father filed in the trial court a response denying the allegations of abuse.
The trial court consolidated the two cases and received evidence at three hearings held between July 2012 and September 2013. Other than a few motions to continue, there is no explanation in the record for the delay between the first and final hearings. On May 5, 2014, before the trial court had entered judgments in the two cases, the mother filed in the trial court a “Renewed Ex-parte Motion for Custody.” It is unclear from the record why the trial court had yet to enter judgments after concluding the hearings in September 2013. In her motion, the mother claimed that, since the conclusion of the trial, she had received new evidence indicating that the father had committed domestic violence. Thus, the mother requested that the trial court grant her “ex parte, temporary custody” of the children and that the trial court schedule a hearing to review the new allegations made in her motion. There is no indication in the record that the trial court held 'a hearing on that motion or that it granted the mother’s request.
On June 4, 2014, the trial court entered judgments in both the child-support case and the custody-modification case. The judgment in the child-support case denied thfe state’s request on behalf of the father for child support. ‘ The judgment in the custody-modification case denied the mother’s' petition for contempt but granted the mother’s request for a modification of custody: Thát judgment stated: “Even though the emergency status of the [emergency] motion has passed, the Court rules that the parties shall share ... Joint Physical Custody of the ... children.” ' The judgment in the custody-modification case also stated that neither party was required to pay child support. .
The father filed ■ a motion to alter, amend, or vacate the judgment in the custody-modification case; that motion was denied on June 19, 2014. The State did not file a similar motion regarding the judgment in the child-support case. The father timely appealed both judgments.[2] On appeal, the child-support case was assigned appeal number 2130895, and the custody-modification case was assigned appeal number 2130896. This court consolidated the two appeals ex mero mótu.
On appeal, the father raises three issues: (1) whether the mother carried her burden of proof required to modify custody of the children; (2) whether the trial court abused its discretion in failing to award child support, including retroactive child support, to the father; and (3) whether the trial court erred by failing to comply with Rule 32, Ala. R. Jud. Admin., because it did not state in'the judgment 'in the child- *42 support case its reason or reasons for deviating from the child-support guidelines.'
“When evidence in a child custody case has been presented ore tenus to the trial court, that court’s findings of fact based on that evidence are presumed to be correct. The trial court is in the best position to make a custody determination — it hears the evidence and observes the witnesses. Appellate courts do not sit in judgment of disputed evidence that was presented ore tenus before the trial court in a custody hearing. See Ex parte Perkins, 646 S.o.2d 46, 47 (Ala.1994), wherein this Court, quoting Phillips v. Phillips, 622 So.2d 410, 412 (Ala.Civ.App.1993), set out the well-established rule: ■
“ ‘ “Our standard of review is very limited in cases where the evidence is presented ore tenus. A custody determination of the trial court entered upon oral testimony is accorded a presumption of correctness on appeal, Payne v. Payne, 550 So.2d.440 (Ala.Civ.App.1989), and Vail v. Vail, 532 So.2d 639 (Ala.Civ.App.1988), and we will not reverse unless the evidence so fails to support the determination that it is plainly and palpably wrong, or unless an abuse of the trial court’s discretion is shown. To substitute our judgment for that of the trial court would be to reweigh the evidence. This Alabama law does not allow. Gamble v. Gamble, 562 So.2d 1343 (Ala.Civ.App.1990); Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App.1985).’”
“It is also well established that in the absence of specific findings of fact, appellate courts .will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous.”
Ex parte Bryowsky, 676 So.2d 1322, 1324 (Ala.1996).
The law is well settled that “[a] parent seeking to modify a custody judgment awarding primary physical custody to the other parent must meet the standard for modification of custody set forth in Ex parte McLendon[, 455 So.2d 863 (Ala.1984) ].” Adams v. Adams, 21 So.3d 1247, 1252 (Ala.Civ.App.2009). The custody-modification standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984), requires that
“the noncustodial parent seeking a change" of custody must demonstrate (1) ‘that he or she is a fit custodian’; (2) ‘that material changes which affect the child’s welfare have occurred’; and (3) ‘that the positive good brought about by the change in custody will more than offset the disruptive effect of uprooting the child.’ Kunkel v. Kunkel, 547 So.2d 555, 560 (Ala.Civ.App.1989) (citing, among other cases, Ex parte McLendon, 455 So.2d 863, 865-66 (Ala.1984) (setting forth three factors a noncustodial parent must demonstrate in order to modify custody)).”
McCormick v. Ethridge, 15 So.3d 524, 527 (Ala.Civ.App.2008). It is not sufficient for a noncustodial parent seeking a modification of custody to show that he or she is a fit custodian. Id. The noncustodial parent must prove all three McLendon factors in order to warrant a modification of custody. Id.
The.father argues that the mother did not meet the second prong of the McLen-don standard, i.e., that she did not show that material changes affecting the children’s welfare had occurred since the initial custody determination. This court has reviewed the record on appeal and has determined that the evidence regarding the allegations of domestic violence is the only evidence that could satisfy the second *43 prong of the McLendon. standard. See § 30-3-134, Ala.Code 1975. The mother presented no evidence as to the parties’ circumstances at the time of the divorce, no evidence as to why the father was initially awarded primary physical custody of the children, and no evidence .indicating that those circumstances,, whatever they may have been, had changed. For the purpose of resolving the appeal from the judgment entered in the custody-modification case, it is not necessary to set forth the entirety of the facts regarding the allegations of domestic violence. It is sufficient to say that the evidence was disputed as to whether the father’s use of corporal punishment was appropriate or excessive.
In 1995, the Alabama Legislature passed the Custody and Domestic or Family Abuse Act (“the Act”), codified at § 30-3-130 et seq., Ala.Code 1975. Section 30-3-134 of the Act provides that, “[i]n every proceeding in which there is at issue the modification of an order for custody or visitation of a child, a finding that domestic or family violence has occurred since the last custody determination constitutes a finding of change in circumstances.” Thus, if the trial court found that the alleged acts of domestic violence had occurred, that finding would constitute a finding that a change in circumstances sufficient to satisfy the second prong of the McLendon standard had occurred. The trial court made no specific findings of fact in its judgment in the custody-modification case, nor was it required to do so. See Ex parte Fann 810 So.2d 631, 636 (Ala.2001). However, given the trial court’s decision to award the parties' joint physical custody of the children under the ■ specific circumstances in the custody-modification case, we are unable to determine what findings of fact the trial court made regarding the allegations of domestic violence, findings that, as we discussed above, are the crux of the custody-modification case.
Section 30-3-131 of the Act provides:
“In every ■ proceeding where there is at- issue a dispute as to the custody of a child, a determination by the court that domestic or family violence has occurred raises a rebuttable presumption by the court that it is detrimental to the child and not m the best interest of the child to be placed in sole custody, joint legal custody, or joint physical custody with the perpetrator of domestic or family violence. Notwithstanding the ■ provisions regarding rebuttable presumption, the judge must also-take into account what, if any, impact the domestic violence had on the child.”
(Emphasis added.) See also § 30-3-133 of the Act (providing that a trial court’s determination that domestic violence has occurred . raises a rebuttable presumption that it is in a child’s best 'interest to reside with the parent who is not the perpetrator of domestic violence); and Jackson v. Jackson, 709 So.2d 46, 48 (Ala.Civ.App.1997) (“[Ojnce a trial court determines that domestic or family violence has occurred, the court cannot consider awarding joint custody of a child to the perpetrator unless he or she has clearly rebutted the presumption against joint custody.”).
The Act and our caselaw make it clear that joint physical custody is not appropriate when a trial court makes a finding that domestic violence has occurred unless the perpetrator of domestic violence has clearly rebutted the presumption against joint' physical custody. Thus, we could interpret the trial court’s award of joint physical custody as an indication that the trial court did not make a finding of domestic violence,, and if there were, other evidence to support the second prong of the McLendon- standard, that finding and decision would not be problematic. How *44 ever, as we noted above, there is no other evidence, aside from the evidence regarding the allegations of domestic violence, sufficient to satisfy the second prong of the McLendon standard, thus making a modification of custody improper in this case absent a finding of domestic violence. On the other hand, because the trial court modified custody, we could interpret that decision as an indication that it did make a finding of domestic violence. However, if the trial court made that finding, an award of joint physical custody would be improper. See § 30-3-131 and Jackson, supra. Thus, it appears that, given the specific facts in the custody-modification case and the evidence in the record, an award of joint physical custody is improper at this time.
Although the judgment in the custody-modification case does not indicate that the trial court applied the “best interests” standard — the applicable standard when custody has not been previously determined, see Ex parte Couch, 521 So.2d 987, 989 (Ala.1988) — it appears that the trial court may have, in fact, applied that standard. The evidence indicates that both the father and the mother have good relationships with the children, and it may be that the trial court determined that the children would benefit from a joint-custody arrangement. However, because there was a prior judgment awarding the father primary physical custody, the applicable standard in this case is the McLendon standard. See Adams, supra.
Because this court is unable to determine whether the trial court applied the McLendon standard or whether it made a finding of domestic violence, we reverse the judgment in the custody-modification case and remand that case for the trial court to apply the McLendon standard to the evidence it received and, after doing so, to clarify its judgment in the custody-modification case.
Because child-support obligations are dependent upon custody arrangements, see generally Rule 32, Ala. R. Jud. Admin., we also reverse the judgment in the child-support case. Thus, we pretermit discussion of the father’s remaining issues on appeal. Our reversal of the judgment in the child-support case should not be interpreted as a determination as to the propriety or impropriety of an award of child support. On remand, in light of our reversal of the judgment in the custody-modification case, the trial court will have the opportunity to review the evidence relevant to child support and to reconsider that issue.
2130895 — REVERSED AND REMANDED WITH INSTRUCTIONS.
2130896 — REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. Although the mother’s initial pleading did not request a modification of custody, the mother subsequently requested a modification of custody in case number DR-07-9.03. Because the issue on appeal is one of custody and not visitation, we refer to case number DR-07-9.03 as "the custody-modification case.”

. The State is not a party to the appeal of the child-support case.