MOORE, Judge.
A.D.P. (“the mother”) petitions this court to issue a writ of mandamus directing the Etowah Circuit Court to dismiss or transfer a custody-modification action filed by K.M.D. (“the father’’). We grant the petition in part, deny it in part, and issue the writ.

Procedural History

The parties were divorced by a judgment of the Baldwin Circuit Court entered on December 18, 2013; pursuant to that judgment, the mother was awarded primary physical custody of the parties’ minor children. On August 10, 2015, the father filed in the Etowah Circuit Court a petition to modify custody of the children. In that petition, the father alleged that he had been a resident of Etowah County for over a year and that the children were currently residing with him. That same day, the father also filed a petition for ex parte relief, alleging that, while in the mother’s home, one of the parties’ children had been physically and sexually abused by a stepsibling. The father requested that he be awarded custody of the children pending a final hearing on his petition for modification. The Etowah Circuit Court granted the father’s petition for ex parte relief that same day.
On August 11, 2015, the mother filed a motion requesting, among other things, that the Etowah Circuit Court set aside its ex parte order, dismiss the action, and/or transfer the action to the Baldwin Circuit Court.
After a telephone conference with the parties’ attorneys, the Etowah Circuit *289 Court entered an order on August 13, 2015, stating that the father would continue to exercise physical custody of the children and that the mother would have no visitation with the children pending further orders of the court. On August 21, 2015, the mother filed her petition for a writ of mandamus with this court.

Standard of Review

“A petition for the writ of mandamus is the appropriate means by which to challenge a trial court’s order regarding a change of venue. Ex parte Sawyer, 892 So.2d 898, 901 (Ala.2004). The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows ‘ “ ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ” ’ Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000) (quoting Ex parte Gates, 675 So.2d 371, 374 (Ala.1996)); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala.1999).”
Ex parte Children’s Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala.2005).

Discussion

In her petition, the mother argues that the Etowah Circuit Court exceeded its .discretion by not granting her motion requesting-that the Etowah Circuit Court set aside its ex parte order, dismiss the action, and/or transfer the action to the Baldwin Circuit Court. The mother correctly asserts that venue is improper in the Etowah Circuit Court pursuant to Ala.Code 1975, § 30-3-5. That Code section provides:
“Notwithstanding any law to the contrary, venue of all proceedings for petitions or other actions seeking modification, interpretation, or enforcement of a final decree awarding custody of a child or children to a parent and/or granting visitation rights, and/or awarding child support, and/or awarding other expenses incident to the support of a . minor child, or children, and/or granting post-minority benefits for a child or children is changed so that venue will lie in: (1) the original circuit court rendering the final decree; or (2) in the circuit court of the county where both the current custodial parent or, in the case of post-minority benefits, where the most recent custodial parent, that parent having custody at the time of the child’s attaining majority, and the child or children have resided for a period of at least three consecutive years immediately preceding the filing of the petition or other action. The current or most recent custodial parent shall be able to choose the particular venue as herein provided, regardless of which party files the petition or other action.”
Because the Baldwin Circuit Court was “the original circuit court rendering the final decree [of divorce]” between the parties, and the mother, as the current custodian of the children, has chosen to proceed in that venue, pursuant to § 30-3-5, the Baldwin Circuit Court is the proper venue for the modification action, and the Etowah Circuit Court is not a proper venue.
In response, the father argues that, because there was an emergency situation, i.e., allegations of sexual abuse in the mother’s home, the Etowah Circuit Court had jurisdiction pursuant to Ala. Code 1975, § 30-3B-204. We note, however, that that statute addresses only jurisdiction, not venue. Further, we have found no authority for an exception to the venue statute to be made in emergency situations. See, e.g., Johnson v. Meadows, 628 So.2d 892, 894 (Ala.Civ.App.1993) (not *290 ing that, “[e]ven if an emergency was shown, the matter of modification should [be] transferred to the [court of proper venue] for determination”). Therefore, we conclude that the Etowah Circuit Court erred in declining to transfer the case to the Baldwin Circuit Court. Accordingly, we grant the mother’s petition and issue a writ of mandamus directing the Etowah Circuit Court to transfer the case to the Baldwin Circuit Court. See Ex parte Mundi, 161 So.3d 241, 245 (Ala.Civ.App.2014).
The mother argues that, because the Etowah Circuit Court is' an improper venue, all of its orders should be vacated before the case is transferred to the Baldwin: Circuit Court. However, the mother has not provided this court with any legal authority supporting her position, as required by Rule 28(a)(10), Ala. R.App. P. As a result, this court will not consider whether those orders should be vacated. See Harris v. Owens, 105 So.3d 430 (Ala.2012). However, upon transfer, the Baldwin Circuit Court may determine whether to maintain or to vacate the orders entered by the Etowah Circuit Court.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN' and DONALDSON, JJ., concur.
THOMAS, J., concurs in the result, without writing.