MOORE, Judge.
B.L.F. (“the mother”) appeals from a judgment entered by the Montgomery Circuit Court (“the trial court”) to the extent that it declined to modify custody of K.M. and T.M. (“the children”), declined to modify the mother’s child-support obligation, and ordered the mother to reimburse M.D.M. (“the father”) for certain uncovered medical expenses that he had incurred on behalf of the children. We affirm the trial court’s judgment.

Procedural History

On October 19, 2014, the mother filed a petition seeking a modification of her visitation with the children, who were in the physical custody of the father pursuant to the final judgment of divorce entered by the trial court on September 27, 2010. On November 6,2014, the father answered the mother’s petition and counterclaimed, requesting, among other things, that the mother be held in contempt for her failure to timely pay child support and for her failure to pay her portion of the children’s uncovered medical expenses. On January 19, 2015, the mother filed a motion seeking an immediate change of custody. '
On February 2, 2015, the father filed a motion to compel the mother to respond to discovery. That motion was granted on February 4, 2015, On February 25, 2015, the father filed a renewed motion to compel the mother to respond to discovery and a request for sanctions. On March 9, 2015, the trial court ordered the mother to provide the requested discovery and to show cause why she should not have to pay the father’s attorney’s fees incurred as a result of the discovery dispute. On March 20, 2015, the father filed a renewed motion for sanctions, averring that the mother had still failed to provide the requested discovery.
*883 After a trial, the trial court entered a judgment on May 4, 2015, modifying the mother’s visitation with the children, ordering her to. reimburse the father for certain uncovered medical and dental expenses that had been incurred on behalf of the children, and denying , the father’s counterclaim for contempt. On May 18, 2015, the mother filed a postjudgment motion. On June 3, 2015, the father also filed a postjudgment motion. On July 21, 2015, the trial court entered an order amending the final judgment; specifically, the trial court, among other things, “incorporate[d] as a sanction against the [mother] for her failure to comply with discovery as requested and later compelled by the Court, that she not be able to pursue any claim for Modification of Child Support as it would be unfair to the [father] who sought, but was refused, income information from the [mother].” The mother filed a timely notice of appeal.[1]

Discussion

I.

On appeal, the mother first argues that the trial court exceeded its discretion in declining to modify custody of the children. She specifically argues that, because K.M. had allegedly been sexually abused by her paternal grandfather while in the father’s home, a change of custody was warranted.
In the present case, the father had previously been awarded sole physical custody of the children.
“The law is well settled that ‘[a] parent seeking to modify a custody judgment awarding primary physical custody to the other parent must meet the standard for modification of ■ custody set forth in Ex parte McLendon [, 455 So.2d 863 (Ala.1984) ].’ Adams v. Adams, 21 So.3d 1247, 1252 (Ala.Civ.App.2009). The custody-modification standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984), requires that
“ ‘the noncustodial parent seeking a change of custody must demonstrate (1) “that he-or she is a fit custodian”; (2) “that material changes which affect the child’s welfare have occurred”; and (3) “that the positive good brought about by the change in custody will more than offset the disruptive effect of uprooting the child.” Kunkel v. Kunkel, 547 So.2d 555, 560 (Ala.Civ.App.1989) (citing, among other cases, Ex parte McLendon, 455 So.2d 863, 865-66 (Ala.1984) (setting forth three factors a noncustodial parent must demonstrate in order to modify custody)).’
“McCormick v. Ethridge, 15 So.3d 524, 527 (Ala.Civ.App.2008). It is not sufficient for a noncustodial parent seeking a modification of custody to show that he or she is a fit custodian. Id. The noncustodial parent must prove all three McLendon factors in order -to warrant a modification of custody. Id.”
Walker v. Lanier, 180 So.3d 39, 42 (Ala.Civ.App.2015),
In support of her argument, the mother points to the evidence indicating that KM. had been sexually abused by her paternal grandfather in the home of the father. She also criticizes the father’s response to the allegations. We note, however, that the evidence indicates that, although both parents had been aware of an allegation that the paternal grandfather had sexually abused a child in the past, the parents had allowed the paternal grandfather to visit the children under the parents’ supervi *884 sion. The evidence also indicates that other children had been in the room with K.M. and the paternal grandfather at the time of the alleged abuse and that the father had been in another room in the house. Furthermore, once K.M. disclosed the abuse, the father reported the allegation to the Elmore County Department of Human Resources, filed a police report with the Elmore County Sheriffs Office, and obtained counseling for K.M. The far ther testified that he would not allow the paternal grandfather to have contact with KM. and that he would contact the sheriffs office if the paternal grandfather attempted to visit. The mother admitted that the father had done everything he could do to address the sexual-abuse issue and that KM. seems to be “back to her old self.” In her brief to this court, the mother does not point to any evidence indicating that she could do- anything better to aid in KM.’s recovery, nor does she set forth any other evidence that would indicate “‘ “that the positive good brought about by the change in custody will more than offset the disruptive effect of uprooting the child.” ’ ” Walker, 180 So.3d at 42. We note that, although the father did testify that he would like for the paternal grandfather to eventually have supervised visitation with KM. if she felt comfortable with that, the trial court ordered that the paternal grandfather not have any contact with the children, and there is no indication in the record that the father would not abide by that order.
Based on the foregoing evidence, the trial court could have concluded that KM. was not in danger of any repeat abuse and that the father had taken appropriate steps to protect KM.’s welfare. Accordingly, we cannot conclude that the trial court exceeded its discretion in denying the mother’s request for a change in custody.
II.
The mother next argues that the trial court erred in not modifying her child-support obligation. The mother specifically argues that there was not sufficient evidence to support the trial court’s preclusion of her child-support claim as a discovery sanction. See Rule 37(b)(2)(B), Ala. R. Civ. P. We note, however, that the mother has failed to cite any authority in support of that argument. Therefore, we decline to consider the mother’s argument on this point. See Ex parte A.D.P., 195 So.3d 287, 290 (Ala.Civ.App.2015); and Rule 28(a)(10), Ala. R.App. P.
III.
Finally, the mother argues that the trial court erred in ordering her to reimburse the father for certain uncovered medical and dental expenses that he had incurred on behalf of the children. The mother asserts that the father failed to pay a filing fee in relation to his counterclaim; however, the record does not support her assertion on this point. “A party who complains of error by the trial court must affirmatively show from the record on appeal that such error was in fact committed.” Walnut Equip. Leasing Co. v. Graham, 532 So.2d 655, 655 (Ala.Civ.App.1988). Because the record does not indicate that the father failed to pay a filing fee, we cannot find error on this point.
The mother also argues that the trial court should not have required her to reimburse the father for expenses incurred on behalf of the children that were not timely submitted to her; however, the mother has failed to cite any authority in support of this argument. Therefore, we do not address that argument. A.D.P., 195 So.3d at 293; and Rule 28(a)(10).
The mother also argues that the father requested that she be ordered to reim *885 burse him for expenses for which he had actually received reimbursement from his medical-insurance company. We note, however, that the father clarified at the trial that he had used his “flexible spending card” to pay for certain, expenses but that he had not actually been reimbursed for those expenses by his insurance company. Therefore, we find no error on this point.

Conclusion

Based on the foregoing, we affirm the trial court’s judgment.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ„ concur.

. The mother filed her notice of appeal on May 27, 2015; her appeal was held in abeyance until the trial court ruled on the parties' postjudgment motions. See Rule 4(a)(5), Ala. R.App. P,