THOMPSON, Presiding Judge.
James Howard Walker (“the father”) petitions this court for a writ of mandamus directing the Lauderdale Circuit Court (“the trial court”) to enter an order in case number DR-07-9.02 (“the child-support case”), as this court had previously directed in an opinion issued’ on April 24, 2015, which addressed, among other things, the issue of child support. See Walker v. Lanier, 180 So.3d 39 (Ala.Civ.App.2015).
The materials submitted to this court in support of the petition indicate the following. Walker involved two cases that arose out of the divorce of the father and his former wife, Courtney R. Lanier (“the mother”). In the divorce judgment, the father was awarded primary physical custody of the children subject to the mother’s visitation. Id. at 40. On August 23, 2010, the State of Alabama, on behalf of the father, filed the child-support case in the trial court. Subsequently, the mother filed in the trial court a petition for contempt and requests to modify visitation and custody. That pleading was assigned *118 case number DR-07-9.03 (“the custody-modification case”). Walker, 180 So.Bd at 40. The trial court consolidated the two actions. The last day of the evidentiary hearing was held in September 2013. The trial court did not enter its judgments in the cases until June 4, 2014, more than eight months after the hearing. The judgment in the child-support case denied the State’s request on behalf of the father for child support. The judgment in' the custody-modification case denied the mother’s petition for contempt but granted her request for a modification of custody, ordering the father and the mother to share joint physical custody of the children. Id. at 41.
The father appealed from both judgments, and this court consolidated the appeals ex mero motu. Id. at 41. In that part of the appeal concerning the custody-modification case, the father argued that the mother had failed to meet her burden under Ex parte McLendon, 455 So.2d 863 (Ala.1984), and that, therefore, the trial court had erred in modifying custody. The father also argued that the trial court had abused its discretion in fading to award him child support. This court reversed both judgments, writing:
“Because this court is unable to determine whether the trial court applied the McLendon standard or whether it made a finding of domestic violence,[1] we reverse the judgment in the custody-modification case and remand that case for the trial court to apply the McLendon standard to the evidence it received and, after doing so, to clarify its judgment in the custody-modification case.
“Because child-support obligations are dependent upon custody arrangements, see generally Rule 32, Ala. R. Jud. Admin., we also reverse the judgment in the child-support case. Thus, we pre-termit discussion of the father’s remaining issues on appeal. Our reversal of the judgment in the child-support case should not be interpreted as a determination as to the propriety or impropriety of an award of child support. On remand, in light of our reversal of the judgment in the custody-modification case, the trial court will have the opportunity to review the evidence relevant to child support and to reconsider that issue.”
Walker, 180 So.3d at 44.
On July-10, 2015, the trial court entered an order in the custody-modification case finding that no domestic violence had occurred between the father and the • children.[2] The trial court also explicitly stated in the judgment that it was applying the McLendon standard and awarding the parties joint legal custody and that- the father was to have “sole physical custody” subject to the mother’s visitation. As to the issue of child support, the July 10, 2015, judgment stated: “In light of the necessary changes concerning the question of custody, the issue of child support will be addressed by separate order in the [child-support case].”
On August 7, 2015, the mother timely filed a postjudgment motion in the custody-modification case, and on August 9, 2015, she filed an amended post-judgment motion. In the postjudgment motion, a copy of which is included in the materials submitted in support of the peti *119 tion for a writ of mandamus, the- mother argued that the- trial court had - failed to hold a new hearing regarding the allegations of -domestic abuse ánd that it had erred in its determination that no (domestic violence warranting a custody modification had occurred. The postjudgment motion was denied by operation of law. See Rule 59.1, Ala. R. Civ. P. On November 12, 2015, after the denial of the mother’s post-judgment motion, the father filed a motion seeking the entry of á judgment in the child-support case. Specifically, the father sought a judgment awarding him child support going forward, pursuant to Rule 32, Ala. R. Jud. Admin., and also awarding him child support retroactive to August 23, 2010, when the child-support petition was filed, until June 4, 2014, when the trial court entered its initial judgment in the child-support case, and from April 24, 2015, when this court issued its opinion in Walker, to the present.[3] On remand, the trial court has not entered á judgment in the child-support cáse. Accordingly, the father filed the petition for a writ of mandamus asking this court to direct the trial court to enter a judgment in the child-support case awarding him the relief sought.
“‘Mandamus.is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala.2003) (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)).
“Our supreme court has explained that a petition for the writ of mandamus is the •appropriate vehicle for seeking a trial court’s compliance with an appellate-court mandate or directive:
‘“On remand, trial courts are required to follow the mandates of this Court or of any other appellate court. Kinney v. White, 215 Ala. 247, 110 So. 394 (1926). The question of whether a trial court after remand has correctly interpreted and applied ah appellate court’s decision is properly reviewable by a petition for a writ of mandamus. Ex parte Bradley, 540 So.2d 711, 712 (Ala.1989). If a trial court fails to comply with an appellate court’s mandate, mandamus will lie to compel compliance. Id.; Ex parte Alabama Power Co., 431 So.2d 151 (Ala.1983).’
“Ex parte United States Fid. & Guar. Co., 585 So.2d 922, 924 (Ala.1991).”
Ex parte W.L.K, [Ms. 2140874, Dec. 4, 2015] — So.3d -, — (Ala.Civ.App.2015). Furthermore,
“ ‘ “[i]t is well established that on remand the issues decided by an appellate court become the ‘law of the case,’ and that the trial court must comply with the appellate court’s mandate.” Gray v. Reynolds, 553 So.2d 79, 81 (Ala.1989).’
“Southern United Fire Ins. Co. v. Purma, 792 So.2d 1092, 1094 (Ala.2001).”
Wehle v. Bradley, 195 So.3d 928, 937 (Ala.2015).
By failing,to enter a judgment in the child-support case when approximately nine months have elapsed since this court’s *120 directive in Walker, the trial court has failed to comply with this court’s mandate. See W.L.K., supra (writ of mandamus issued to probate court directing it to enter an order after the probate court had failed to enter the order as directed by this court ten months earlier). Accordingly, the trial court is instructed to enter a judgment in the child-support case within 28 days of the release of this opinion. However, in so ordering, this court is not directing the trial court to award child support retroactively, as the father requests. Instead, if appropriate, the trial court is to determine the propriety of the father’s request for child support, including retroactive child support, and to enter a judgment in compliance with Rule 32, Ala. R. Jud. Admin.
PETITION GRANTED; WRIT ISSUED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. In Walker, this coiirt '“determined that the evidence regarding allegations of domestic violence is the only evidence that could satisfy the second prong of the McLendon standard,” i.e., that there had been a material change in circumstances that could affect the children's welfare. 180 So.3d at 42-43.

. The judgment was dated June 10, 2015, but it was not entered until July 10, 2015.

. In Walker, we wrote that, "[ajlthough the divorce judgment is not contained in the record on appeal, the father claims that the parties agreed that the mother would not be required to pay any child support because, according to the father, she maintained only part-time employment at the time of the divorce.” 180 So.3d at 40.