THOMPSON, Presiding Judge.
James Howard Walker (“the father”) appeals fi’om á judgment of the Lauderdale Circuit Court (“the trial court”) modifying the child-support provisions set forth in a judgment (“the divorce judgment”) divorcing him from Courtney R. Lanier (“the mother”) in February 2008. Iñ the divorce judgment, the father was awarded custody, subject,to the mother’s visitation, of the parties’ two children (“the children”), who were three and four years old at the time. Pursuant to an agreement of the parties that was incorporated into the divorce judgment, .the mother was not required to pay child support because she was not employed full time at that time.
*471 This is the third time the parties have been before this court. In Walker v. Lanier, 180 So.3d 39 (Ala.Civ.App.2015) (“Walker I”), this court set out the relevant procedural history. On August 23, 2010, the State of Alabama, on behalf of the father, filed a petition in the trial court seeking child-support. That action was assigned case number DR-07-9.02 (“the child-support case”). Subsequently, the mother filed in the trial court a .petition seeking to hold the father in contempt and requesting to modify visitation and custody. That action was assigned case number DR-07-9.03 (“the custody-modification case”). Id. at 40. The trial, court consolidated the two actions. The last day of the evidentiary hearing was held in September 2013. The trial court did not enter its judgments in the cases until June 4, 2014, more than eight months after the hearing concluded. The judgment in the child-support case denied the State’s request on behalf of the father for child support. The judgment in the custody-modification case denied the mother’s petition insofar as it 'sought to hold the father in contempt but granted her request for a modification of custody, ordering the father and the mother to share joint physical custody of the children. Id. at 41. The father appealed from both judgments.
In Walker I, released on April 24, 2015, this court reversed both judgments. As to the judgment entered in the custody-modification case, this court was unable to determine whether the trial court had applied the correct standard set out in Ex parte McLendon, 455 So.2d 863 (Ala.1984); therefore, we reversed the judgment in that case and remanded the case to the trial court to apply the correct standard. Walker I, 180 So.3d at 44.
This court also reversed the judgment entered in the child-support case because child-support obligations are dependent upon custody arrangements. We wrote that, “in light of our reversal of the judgment in the custody-modification, case; the trial court will have the opportunity to review the evidence relevant to child support and to reconsider that issue.” Id.
On July 10, 2015, the trial court entered a judgment in the custody-modification case awarding the parties joint legal custody and awarding the father “sole physical custody.” In that judgment, the trial court stated: “In light of the necessary changes concerning the question of custody, the issue of child support will be .addressed by separate order in the [child-support case].” The mother filed a postjudgment motion in the custody-modification case; that motion was denied. There is nothing in the record on appeal indicating that the mother appealed from the judgment entered in the custody-modification case.
On November 12, 2015, the father filed a motion in the trial court seeking the entry of a judgment in the child-support case. Specifically, the father sought a judgment awarding him child support going forward, pursuant to Rule 32, Ala. R. Jud, Admin., and also awarding him child support retroactive to August 23, 2010, when the petition in the child-support case was filed, until June 4, 2014, when the trial- court entered its initial judgment in the child-support case, and from April 24, 2015, when this court issued its opinion in Walker I, forward. The trial court did not enter a judgment as requested by the father.
On December 21, 2015, approximately nine months after this court’s opinion in Walker I was released, the father filed a petition for a writ of mandamus in this court in which he asked this court to direct the trial court to enter a judgment in the child-support case. Ex parte Walker, 203 So.3d 116, 119-20 (Ala.Civ.App.2016) (‘Walker II”). This court granted the petition, concluding that the trial court had *472 failed to comply with this court’s mandate in Walker I. Walker II, 203 So.3d at 120. The trial court was instructed to enter an order in the child-support case within 28 days of the release of the opinion Walker II. Id.
On February 29, 2016, more than one year after this court’s opinion in Walker I was released, the trial court entered a judgment in the child-support case. In that judgment, the trial court found that the parties had stipulated that the mother’s income from full-time employment was $1,733 per month. The judgment did not include a finding regarding the father’s monthly income. The mother was ordered to pay the father child support in the amount of $507 a month. The trial court stated that the child-support guidelines set forth in Rule 32, Ala. R. Jud. Admin., had been applied in calculating the mother’s child-support obligation. As to the father’s request for retroactive child support, the trial court stated: “The parties’ [divorce judgment] stipulated that no child support would be made payable by the mother until the mother obtained full time employment. Therefore, any request for arrear-age or retroactive child support is DENIED.” The father timely appealed from the judgment in the child-support case.
On appeal, the father contends that the trial court abused its discretion in failing to award him retroactive child support. Whether to make a parent’s child-support obligation retroactive to the date the petition to modify was filed is a decision committed to the sound discretion of the trial court. Volovecky v. Hoffman, 903 So.2d 844, 850 (Ala.Civ.App.2004).
“The trial court may exercise its discretion in setting the effective date of a modification, but it is not bound to modify as of the date of the filing of the petition. Clutts v. Clutts, 54 Ala.App. 43, 304 So.2d 599 (1974); see also, Murphy v. Murphy, 491 So.2d 978 (Ala.Civ.App.1986). This matter is within the sound discretion of the trial judge, whose decision will not be disturbed unless it was so unsupported by the evidence as to be palpably wrong, manifestly unjust, or plainly erroneous. Culverhouse v. Culverhouse, 389 So.2d 937 (Ala.Civ.App.1980).”
Rogers v. Sims, 671 So.2d 714, 716-17 (Ala.Civ.App.1995).
In this case, the mother testified that, after the parties reached their agreement that she would not pay child support but before the divorce judgment was entered, she obtained full-time employment at Helen Keller Hospital, earning $9.33 an hour. She said that, in May 2010, she left her job with the hospital and took another full-time job as an optometry technician. The parties stipulated that the mother’s monthly gross income was $1,733.
In its judgment, the trial court stated that it was denying the father’s request for retroactive child support because the parties had agreed that “no child support would be made payable by the mother until the mother obtained full time employment.” However, the evidence was undisputed that the mother had been employed full time since before the divorce judgment was entered. Therefore, the reason given for the trial court’s determination that the mother would not have to pay retroactive child support is not supported by the record on appeal. Accordingly, we conclude that the trial court erred in denying, based on that rationale, the father’s request for retroactive child support, and we remand the cause for the trial court to reconsider the issue in light of the fact that the mother has had full-time employment at least since the date the father filed his modification petition. Our holding should not be read as a determination that the trial court is required to award the *473 father retroactive child support but as a request for the trial court to consider whether such an award should be made based on the evidence in the record.
The father also contends that the trial court erred in ordering the mother to pay $507 a month in child support. The father maintains that the proper amount of the mother’s monthly child-support obligation should be $582 each month.
“‘“This court has held that if the record does not "reflect compliance with Rule 32(E) ... (which requires the filing of ‘Child Support Obligation Income Statement/Affidavit’ forms (Forms CS-41) and a ‘Child Support Guidelines’ form (Form CS-42)), and if child support is made an issue on appeal, this court will remand (or reverse and remand) for compliance with the rule. See Martin v. Martin, 637 So.2d 901, 903 (Ala.Civ.App.1994). On the other hand, this court has affirmed child-support awards when, despite the absence of the required forms, we could discern from the appellate record what figures the trial court used in computing the child-support obligation. See, e.g., Dunn v. Dunn, 891 So.2d 891, 896 (Ala.Civ.App.2004); Rimpf v. Campbell, 853 So.2d 957, 959 (Ala.Civ.App.2002); and Dismukes v. Dorsey, 686 So.2d 298, 301 (Ala.Civ.App.1996). Nevertheless, without the child-support-guidelines forms, it is sometimes impossible for an appellate court to determine from the record whether the trial court correctly applied the guidelines in establishing or modifying a child-support obligation. See Horwitz v. Horwitz, 739 So.2d 1118, 1120 (Ala.Civ.App.1999).” ’
“Harris v. Harris, 59 So.3d 731, 736-37 (Ala.Civ.App.2010) (quoting Hayes v. Hayes, 949 So.2d 150, 154 (Ala.Civ.App.2006)).”
Wellborn v. Wellborn, 100 So.3d 1122, 1126 (Ala.Civ.App.2012).
In this case, the record contains several “Child Support Guidelines” forms (Form CS-42), which the parties completed to calculate the mother’s child-support obligation. The mother submitted a Form CS-42 indicating that her monthly income was $1,733 and that the father’s monthly income was $2,667. Based on those figures, the mother calculated her child-support obligation to be $405.60 each month. The father submitted three CS-42 forms using the mother’s monthly income of $1,733 but using two different incomes for himself— $1,856.55 and $2,318—because, as a farmer, he said, his income varies from year to year. The father also included health-insurance costs for the children in completing his CS-42 forms. The calculations made from the father’s figures resulted in a monthly child-support obligation for the mother ranging from a low of $572.89 to a high of $668.32. None of the CS-42 forms that the parties submitted resulted in a child-support obligation for the mother of $507 a month.
The record does not contain a Form CS-42 completed by the trial court. As mentioned, the trial court, in its judgment, found that the hiother had a gross monthly income of $1,733, but it did not make a finding as to the father’s gross monthly income. We are unable to determine from the record the manner in which the trial court determined the mother’s child-support obligation.
The application of the Rule 32 child-support guidelines is mandatory. Thomas v. Norman, 766 So.2d 857, 859 (Ala.Civ.App.2000). “The trial court is not bound by the income figures advanced by the parties, and it has discretion in determining a parent’s gross income. However, ‘ “[t]his court eannot affirm a child-support *474 order if it has to guess at what facts the trial court found in order to enter the support order it entered. Willis v. Willis, 45 So.3d 347, 349 (Ala.Civ.App.2010) (quoting Mosley v. Mosley, 747 So.2d 894, 898 (Ala.Civ.App.1999)).” Morgan v. Morgan, 183 So.3d 945, 961 (Ala.Civ.App.2014). Because we are unable to.discern from the record the figures the trial court used to calculate the mother’s child-support,, obligation, we reverse the judgment establishing the child-support award and remand the case to the trial court to redetermine her child-support obligation in compliance with the Rule 32, Ala. R. Jud. Admin., child-support guidelines and this opinion.
If, on remand, after properly applying the Rule 32 child-support guidelines, the trial court determines that the amount of the mother’s child-support obligation under those guidelines is unjust or inequitable, it has the discretion to deviate from those guideliiies so long as it expressly states the reason for that deviation. Rule 32(A), Ala. R. Jud. Admin.; Suggs v. Suggs, 54 So.3d 921, 927 (Ala.Civ.App.2010). Because of the inordinate delays in resolving this matter, the trial court is directed to comply with this court’s directive as expeditiously as possible.
For the reasons set forth above, those portions of the judgmént establishing the amount of the mother’s child-support obligation and denying the father’s request to make that obligation retroactive are reversed, and the cause is remanded to the trial court for it to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.